191 N.J. Super. 518 (1983)
468 A.2d 250
MAUREEN WARD, PLAINTIFF-APPELLANT,
v.
BETTY DAVIDOWITZ AND NADINE Z. DAVIDOWITZ, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1983.
Decided October 25, 1983.
*519 Before Judges BISCHOFF, PETRELLA and BRODY.
Dennis M. Donnelly argued the cause for appellant (Blume, Vazquez, Goldfaden, Kuhn & Berkowitz, attorneys).
Michael D. Kirby argued the cause for respondents (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys).
The opinion of the Court was delivered by BISCHOFF, P.J.A.D.
Hornyak v. Great Atlantic & Pacific Tea Co., 63 N.J. 99 (1973) and Wyatt v. Metropolitan Maintenance Co., 74 N.J. 167 (1977) stand for the proposition that injuries sustained by employees on a lunch break, while away from the employer's premises to obtain food not available on the premises are compensable under the Workers' Compensation Act, N.J.S.A. 34:15-1 et seq. We are required to determine in this appeal whether this holding has been changed by the statutory revision of the Workers' Compensation Act effected by L. 1979, c. 283, specifically the new definition of employment now provided by N.J.S.A. 34:15-36 which reads:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required *520 by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer.
The issue is presented by the following facts.
Plaintiff, Maureen Ward, and defendant, Nadine Davidowitz, were employees of Dr. Munir Ahmed on October 2, 1980. On that date they were returning to work from a lunch break in a car operated by Davidowitz. Plaintiff was a passenger in the front seat. The vehicle was involved in a collision and plaintiff sustained multiple injuries as a result of the accident. Plaintiff filed a complaint alleging that Nadine Davidowitz (and the owner of the car, Betty Davidowitz, on principles of agency) were liable for the personal injuries sustained by plaintiff. Defendant filed an answer asserting that plaintiff's action was barred by the Workers' Compensation Act, N.J.S.A. 34:15-1 et seq., specifically N.J.S.A. 34:15-8 which precludes tort actions against fellow employees for injuries compensable under the act.[1]
Defendant filed a motion for summary judgment asserting the bar of the compensation act to plaintiff's cause of action. Defendant's argument on the motion consisted of a citation to Hornyak which defendants contended "clearly states that injuries at lunchtime are compensable" and to N.J.S.A. 34:15-A [sic  probably should be N.J.S.A. 34:15-8] which precludes tort actions between fellow employees for compensable injuries while both are in the same employ.
*521 The judge, without comment or a statement of reasons, granted the motion and plaintiff appeals.[2]
Regrettably, neither party called the 1979 revision of the compensation act to the attention of the judge. Plaintiff, however, now contends the definition of employment contained in the revision (N.J.S.A. 34:15-36) is controlling and that it was error to grant defendant's motion for summary judgment.
In Hornyak the Supreme Court pointed out that the Workers' Compensation Act is "humane social legislation designed to place the cost of work connected injury upon the employer who may readily provide for it as an operating expense." Hornyak v. Great Atlantic & Pacific Tea Co., supra, 63 N.J. at 101. It noted the criteria the courts had evolved for the statutory definition of compensability for death or injury from accidents arising out of and in the course of the employment, Ibid. and the expansive nature of the court's interpretation of the legislative intent. Id. at 102. The reason for the expansive and liberal construction was stated as follows:
At no point has the Legislature altered the sweeping generality of the statutory terms and it has consistently left their definition and application to the courts. They, in turn, have conscientiously sought to evolve liberally just lines between those accidental injuries which may fairly be said to have some work connection and those which may fairly be said to be unrelated to the employment. Right from the start it was understood that it was not necessary that the employee actually be working at his machine or elsewhere within his employer's premises to satisfy the statutory formula.
See also Wyatt v. Metropolitan Maintenance Co., supra, 74 N.J. at 173 where Justice Schreiber, in his dissent, notes that the court's interpretation has caused a drift away from the original legislative intent.
The Legislature by the enactment of the revision contained in L. 1979, c. 283 has for the first time provided a definition of employment. The purpose of this legislative revision has been elsewhere described. Gothelf v. Oak Point Dairies of N.J., 184 N.J. Super. 274 (App.Div. 1982); Smith v. U.S. Pipe & *522 Foundry Co., 191 N.J. Super. 454 (App.Div. 1983). Briefly, it was intended to provide "significantly more money" "for the more seriously injured workers" and "to provide genuine reform and meaningful cost containment for New Jersey employers." See joint legislative statement which accompanied the introduction of the 1979 amendments. This statement further explained that the Legislature would benefit employers in nine specific respects. Number eight reads:
(8) establishing relief from the far-reaching effect of the "going and coming rule" decisions by defining and limiting the scope of employment[.]
The "going and coming rule" referred to in that statement denies compensation for injuries incurred while traveling to and from work. Hammond v. Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970). The Supreme Court has recognized the fact that the exceptions to the "going and coming rule" "have so proliferated that it has become common place to observe that they have overshadowed the basic rule." Watson v. Nassau Inn, 74 N.J. 155, 159 (1977); Hornyak v. Great Atlantic & Pacific Tea Co., supra, 63 N.J. at 103-104. It follows that the benefit the Legislature intended employers to receive from the adoption of the definition of employment contained in N.J.S.A. 34:15-36 was not relief from the "going and coming rule," but rather from the numerous exceptions which have evolved to that rule.
The court in Hornyak discussed the "going and coming rule" and the criticism levelled at it, then held that lunch break cases were not controlled by the "going and coming rule." Hornyak v. Great Atlantic & Pacific Tea Co., supra, at 105, 107. In Wyatt the rationale for the Hornyak decision was explained in the following terms:
... our decision there was grounded on the more significant fact that an employee who interrupts his work and leaves his place of employment for lunch knows that he has not completed his workday and that he will be returning as soon as his lunch is over. His time is really not his own. Midday meal periods have long been recognized as an integral part of the work routine. Very early in the history of the act, our courts held that accidental injuries during such breaks would be compensable if the employee was at or near his usual place of work. [Citations omitted].
........

*523 Thus, Hornyak's rationale is fully applicable as long as the mealtime departure from the work premises is a practice permitted or countenanced by the employer and the employee's activity cannot be considered an abandonment of, or deviation from the employment....
However, defendant urges us to re-assess the wisdom of Hornyak itself, quoting extensively from Dean Larson's criticism of the decision and parade of "horrible hypotheticals" in his treatise, The Law of Workmen's Compensation (1976 Supp.) § 15.53. To the extent that this critique is premised on a defense of the "going and coming" rule, we are not persuaded. Assuming the vitality of the rule, see Watson v. Nassau Inn, supra at 161, we continue to think that an employee's luncheon break is sufficiently conditioned by time constraints and work obligations to set it apart from his trip home at the end of the day. See Hornyak v. The Great Atlantic & Pacific Tea Co., supra at 108. In addition, these relatively brief respites usually rebound to the employer's benefit by enabling the employee to renew his work with increased vigor. This being the case, we find no compelling reason to depart from the basic rationale of Hornyak.

An analysis of this language convinces us that Hornyak, Wyatt and other cases involving lunch break type accidents have been held compensable as additional exceptions to the "going and coming rule", such cases therefor fall within the factual situations where the Legislature intended by the amendment to benefit employers and to limit compensability. In our opinion that is the specific type of claim which the Legislature intended to eliminate or curtail by enacting a specific definition of employment. The Honorable Alfred J. Napier in an article entitled the "Impact of the Reform Act of 1980," 96 N.J.Lawyer 17 (August 1981), in commenting on this specific section, said:
This language is designed to remove from compensability certain cases heretofore held compensable where special hazards existed en route to the employer's premises, off-premise injuries sustained during lunch hour and injuries sustained while traveling at the employer's direction but deviating from a direct line of travel to pursue a purely personal activity. [at 18]
The clear language of the definition in the statute is keyed to the elimination of an employer's responsibility for accidents occurring in areas not under the employer's control unless the employee is required by the employer to be away from the employer's place of employment. In that event the determining element of compensability rests upon the direct performance of duties assigned or directed by the employer *524 rather than on the place of employment. There is nothing in the record presented to us to suggest that the employee was directed to perform duties, or assigned duties off of the employer's premises.
There may be special circumstances or arrangements, between employer and employee, which would bring an accident occurring during a trip for lunch away from the employer's premises within the definition of employment contained in N.J.S.A. 34:15-36. We will not speculate on what they might be. It is sufficient to note that on the sparse record presented to us it was error to rule as a matter of law that lunch break accidents are compensable and enter summary judgment for defendant.
Reversed and remanded.
Jurisdiction is not retained.
NOTES
[1] N.J.S.A. 34:15-8 provides, in pertinent part:

If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
[2] Subsequent to the entry of the summary judgment, plaintiff filed a Workers' Compensation Claim Petition on October 1, 1982.