204 N.J. Super. 337 (1985)
498 A.2d 1274
GLORIA CRESSEY, PETITIONER-APPELLANT,
v.
CAMPUS CHEFS, DIVISION OF CVI SERVICE, INC., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1985.
Decided October 8, 1985.
*340 Before Judges PRESSLER, DREIER and BILDER.
Carmen R. Faia argued the cause for appellant (Targan, Higbee and Faia, attorneys; Mr. Faia, on the brief).
Nancy S. Freeman argued the cause for respondent (Freeman and Barton, attorneys; Michael Huber, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
Petitioner, Gloria Cressey, appeals from a final decision of the Division of Workers' Compensation finding that her injury was not work-related and dismissing her claim. The appeal involves the proper construction of the 1980 amendment to N.J.S.A. 34:15-36 which redefined the scope of employment to limit the exceptions to the going and coming rule.
Petitioner was employed by respondent Campus Chefs at the cafeteria at Stockton State College. In order to leave her work place she was required to use a rear door which led to a loading dock and proceed from there to one of the nearby parking lots which were available for use by the employees. Although steps led from the loading dock to a ramp below, because of inadequate drainage the ramp was often flooded and impassable. Such was the condition on the night of petitioner's injury.
When the ramp was impassable, it was the practice of respondent's employees to step from the end of the loading dock to a retaining wall at the side of the ramp and step from there around the corner of the building where they would be at ground level. From this point, they could walk directly to the *341 parking lots. The peril was exacerbated by poor lighting. It is undisputed that this was the only egress permitted to respondent's employees. Petitioner was injured shortly after 8:30 p.m. on March 6, 1983, when she fell while attempting to go around the corner of the loading dock.
N.J.S.A. 34:15-36, as amended in 1980 and applicable to this case, provides as follows:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; ....
In a bifurcated hearing, tried as to liability only, the compensation judge found that the respondent did not have control of the loading dock; and even if it did, the petitioner was not injured on the dock "but while attempting to leave the premises by going around the corner of the loading dock over a retaining wall and on to a pathway to the public parking lot", and therefore the employment had terminated within the meaning of N.J.S.A. 34:15-36. Thus he concluded recovery was barred under the going and coming rule into which the 1980 amendment had breathed new life. The sole issue on appeal is whether petitioner was in the course of her employment when she suffered her fall.
N.J.S.A. 34:15-36 in its present form was one part of a 1979 legislative effort to reform the Workers' Compensation Act. L. 1979, c. 283. In a general sense, it was intended to "put significantly more money into the hands of the more seriously injured workers while providing genuine reform and meaningful cost containment for New Jersey employers from unjustified workers' compensation costs that are presently among the highest in the nation." See Joint Statement of the Senate and Assembly Labor, Industry and Professions Committees to S802 and A840 (1979). One of the cost containment *342 benefits intended to accrue to employers was "establishing relief from the far-reaching effect of the `Going and Coming Rule' decisions by defining and limiting the scope of employment." Ibid. The "going and coming rule" is a rule of workers' compensation which denies compensation for injuries incurred while travelling to and from work. See Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970); 1 Larson, The Law of Workmen's Compensation, § 15.11 (1985). The rule, which is a generally accepted one, limits recovery to injuries which occur on the employer's premises. Ibid. It does this by confining the term "course of employment" to the physical limits of the employer's premises. Ibid. This rule, which Larson calls "the premises rule", has been adopted by a majority of the jurisdictions. Id. at § 15.12a.
In New Jersey judicial exceptions were created to the going and coming rule which extended Workers' Compensation coverage beyond the work premises. See Watson v. Nassau Inn, 74 N.J. 155, 159 (1977) where the court noted the exceptions "have so proliferated that it has become commonplace to observe that they have overshadowed the basic rule." The exceptions met with severe criticism from Dean Larson. 1 Larson, § 15.12. The Legislature sought to reinstate the vitality of the premises rule by limiting employment to the period between arrival at the place of employment and "when the employee leaves the employer's place of employment excluding areas not under the control of the employer." N.J.S.A. 34:15-36 [emphasis supplied]. We find the meaning of this latter phrase ambiguous. The compensation judge understood it to limit the premises to areas subject to the employer's exclusive control; petitioner had argued that joint control was sufficient.
In construing this language, we are mindful of the injunction that the Workers' Compensation Act should be liberally interpreted in favor of employees. See Close v. Kordulak Bros., 44 N.J. 589, 604 (1965). And we are also mindful of *343 the obligation to respect the legislative intention by interpreting the statute in a common-sense manner which advances the legislative purpose. See Gillen v. Sheil, 174 N.J. Super. 386, 392 (Law Div. 1980).
As we have already noted, the purpose of the new definition of employment contained in L. 1979, c. 283, § 12 was to to reinstitute the premises rule. "The clear language of the definition in the statute is keyed to the elimination of an employer's responsibility for accidents occurring in areas not under the employer's control unless the employee is required by the employer to be away from the employer's place of employment." Ward v. Davidowitz, 191 N.J. Super. 518, 523 (App.Div. 1983) [Emphasis in original]. Examined in this light, it is a matter of common sense that the phrase "excluding areas not under the control of the employer" does not relate to concepts of exclusive control or duties of maintenance as viewed by the compensation judge but, rather, implies only use by the employer in the conduct of his business. That is to say, the phrase is intended to exclude areas which are not physically part of the employer's premises. Stated correlatively, the phrase would read "including areas under the control of the employer."
In the instant case it is clear that the loading dock was part of respondent's place of business  part of the premises in which its employees carried out their normal functions. It was, in the compensation judge's words, "used largely by the Respondent." Though it did not have exclusive use of the dock, respondent used it for the delivery and unloading of food products, as a place from which to deposit trash refuse into receptacles located on the ramp, for the storage of soda canisters, for the cleaning and storage of tray racks and the cleaning or steam cleaning of utensils and other items.
Although the compensation judge found noncompensability based on the notion that the dock area was not under the control of respondent, he alternatively found that "[p]etitioner *344 was injured not on the loading dock itself but while attempting to leave the premises by going around the corner of the loading dock over a retaining wall and on to a pathway to the public parking lot." We need not decide whether this finding is supported by the record because the injury would nonetheless be compensable.
The line between compensability and noncompensability under the premises rule is very strict. See 1 Larson, supra § 15.11. Under that rule unless an employee is within the physical confines of the premises when an injury occurs, it is noncompensable. Id. In a Michigan case, Simpson v. Lee & Cady, 294 Mich. 460, 293 N.W. 718 (Sup.Ct. 1940), a claimant fell on ice while reaching for the employer's door handle. He was denied compensation because his feet were on the public sidewalk and not on the employer's premises. The employee was still subject to the common risks of the street. See other similar cases cited in 1 Larson, supra, § 15.11. In Simpson, the employee's injury arose from an ordinary risk unconnected with his duties to his employer.
That the same rule would apply to an unusual risk created, at least in part by the employer, is unthinkable. Petitioner was required by the respondent to traverse a hazardous route in leaving the place of employment. She cannot be denied compensation because the hazard incident to her employment was inches beyond the employer's place of business. She has a right to obtain, as part of her employment, safe egress from the premises.
A majority of jurisdictions recognize an exception to the going and coming rule that permits compensability where the off-premises point at which the injury occurred lies on the only route that the employee can traverse and therefore the special hazards of the route become hazards of the employment. See 1 Larson, supra, § 15.13. Such was the rule in New Jersey before the erosion of the going and coming rule. See Cossari *345 v. L. Stein & Co., 1 N.J. Super. 39 (App.Div. 1948). We believe it remains the rule.
Reversed.