205 N.J. Super. 422 (1985)
501 A.2d 179
DEBRA MANGIGIAN, PETITIONER-APPELLANT,
v.
FRANZ WARNER ASSOC., INC., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 7, 1985.
Decided December 3, 1985.
*423 Before Judges FRITZ, BRODY and BAIME.
Franchino, Lenahan & Cross, attorneys for appellant (Thomas E. Lenahan, Jr., on the brief).
Levy, Levy, Albert & Segal, attorneys for respondent (Joel M. Kessler, on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
This is an appeal from a final determination of the Division of Workers' Compensation denying petitioner's claim for disability benefits. The sole question presented is whether petitioner was injured in the course of her employment. At issue is whether petitioner may obtain workers' compensation benefits for injuries sustained while returning to her motel room from a restaurant following completion of her off premises employment assigned duties. The compensation judge found that the accident occurred after the conclusion of petitioner's work day and while she was engaged in a purely personal errand. We hold that petitioner was properly denied compensation because she was not engaged in the direct performance of the duties assigned to her by her employer.
*424 The essential facts are not in dispute. Petitioner, a college student, was employed by respondent during the period of her three week Christmas vacation. Apparently, she obtained her job through the recommendation of her close personal friend, Robert Morris, who was employed by respondent as a supervisor. Respondent was in the business of providing investigatory and security services to retail stores. Petitioner's duties consisted of visiting various sites and testing the integrity of store personnel.
Petitioner commenced her employment on January 4, 1981. On that date, she was driven by Morris from her home in Pennsylvania to Rahway, New Jersey where the two registered in separate rooms at the Kings Way Inn. On the following day, petitioner visited various stores and later prepared investigative reports. The same routine was followed on January 6, 1981. Petitioner again proceeded to various stores and returned to the motel at approximately 8:00 p.m. After completing her reports, petitioner was invited by Morris to engage in physical exercise in his room.
At approximately 10:00 p.m., the two concluded their workout. Petitioner then decided to purchase something to eat at a nearby McDonald's restaurant which was located across the highway. As she was leaving, petitioner volunteered to buy food for Morris. Petitioner proceeded to the restaurant and was struck by an automobile on her return trip. Thereafter, she filed a claim for workers' compensation benefits.
We have thoroughly reviewed the record and are in complete agreement with the compensation judge's conclusion that petitioner was not injured in the course of her employment. In our view, that result is clearly mandated by N.J.S.A. 34:15-36 which provides in pertinent part as follows:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the *425 employee is engaged in the direct performance of duties assigned or directed by the employer....
This statute was part of an extensive legislative effort to reform our workers' compensation laws. In a general sense, it was designed to "put significantly more money into the hands of the more seriously injured workers while providing genuine reform and meaningful cost containment for New Jersey employers...." See Joint Statement of the Senate and Assembly Labor, Industry and Professions Committees to S802 and A840 (1979). See also Cressey v. Campus Chefs, Division of CVI Service, Inc., 204 N.J. Super. 337, 341 (App.Div. 1985) (slip op. at 3) (A-1653-84T7; October 8, 1985); Nemchick v. Thatcher Glass Mfg. Co., 203 N.J. Super. 137, 139 (App.Div. 1985); Ward v. Davidowitz, 191 N.J. Super. 518, 521-522 (App.Div. 1983); Gothelf v. Oak Point Dairies of N.J., 184 N.J. Super. 274, 277 (App.Div. 1982).
One of the cost saving benefits intended to accrue to employers was "establishing relief from the far-reaching effect of the `[g]oing and [c]oming [r]ule' decisions by defining and limiting the scope of employment." Joint Statement, supra. The "going and coming" rule generally precludes employer liability for injuries sustained during routine travel to and from work. The genesis and history of the rule were discussed in detail in Watson v. Nassau Inn, 74 N.J. 155, 158-160 (1977) and need not be recounted here. Suffice it to say that the rule "was established as a convenient formula for separating work-connected risks from those which are unrelated to employment." Id. at 158-159. See also Gullo v. American Lead Pencil Co., 119 N.J.L. 484, 486 (E. & A. 1938). It is grounded upon the thesis that "`an employee's ordinary, routine day-to-day journey' to and from work at the beginning and at the end of the day neither yields a special benefit to the employer, see Ricciardi v. Aniero Concrete Co., 64 N.J. 60, 61 (1973); Bergman v. Parnes Brothers, Inc., 58 N.J. 559, 568 (1971) (Francis, J., concurring), nor exposes the [worker] to risks which are peculiar to the industrial enterprise." Watson v. Nassau Inn, supra 74 N.J. at 159.
*426 Although the rule was never judicially abrogated, numerous exceptions were spawned over the years. See, e.g., Watson v. Nassau Inn, supra at 159; Levine v. Haddon Hall Hotel, 66 N.J. 415, 420 (1975); Strzelecki v. Johns-Manville, 65 N.J. 314, 319-320 (1974); White v. Atlantic City Press, 64 N.J. 128, 134-135 (1973); Hornyak v. The Great Atlantic & Pacific Tea Co., 63 N.J. 99, 104 (1973); Bergman v. Parnes Brothers, Inc., supra 58 N.J. at 568; Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970); Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965); Williams v. Remco Industries, 118 N.J. Super. 481, 484 (App.Div. 1972), certif. den. 61 N.J. 163 (1972); DiNardo v. Newark Bd. of Ed., 118 N.J. Super. 536, 539 (App.Div. 1972). These exceptions had so proliferated, it became commonplace to observe that they "overshadowed the basic rule." Watson v. Nassau Inn, supra 74 N.J. at 159. While some commentators advocated abolition of the going and coming rule in its entirety in favor of "portal to portal" protection, see Horowitz, "Worldwide Workmen's Compensation Trends," 59 Ky.L.J. 37 (1970), others severely criticized the judicially created exceptions. See 1 Larson, Workmen's Compensation Law § 15.12(b) at 4-8 to 4-21 (1985).
It is against this backdrop that our Legislature enacted N.J.S.A. 34:15-36. By its very terms, the statute eliminates an employer's responsibility for accidents occurring in areas not under its control unless the employee is required to be away from the place of employment. Cressey v. Campus Chefs, Division of CVI Service, Inc., supra 204 N.J. Super. at 342; Ward v. Davidowitz, supra 191 N.J. at 523. "In that event the determining element of compensability rests upon the direct performance of duties assigned or directed by the employer...." Ibid. The statutory language was clearly designed to "sharply curtail" compensability for off-premises accidents. Napier, "Impact of the Reform Act of 1980," 96 N.J.Lawyer 17, 18 (1981). See also Lefelt, "Workers' Compensation In New Jersey: A Critique of S-802," 104 N.J.L.J. 425, 434 (1979). We *427 are bound to construe the statute consonant with this clearly expressed legislative purpose.
In our opinion, the statute means exactly what it says. In order to obtain compensation for an off-premises accident, the employee must demonstrate that his injuries were sustained in the "direct performance of [the] duties assigned [to him] or directed by the employer." N.J.S.A. 34:15-36. In that respect, we are fully convinced that the compensation judge's factual finding that petitioner had long completed her work assignment when the accident occurred is fairly supported by substantial credible evidence present in the record. See Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). We perceive no sound basis to disturb his determination.
We are aware of the recent decision in Nemchick v. Thatcher Glass Mfg. Co., supra, where another panel of the Appellate Division held that an employee who was injured while driving home after completion of an employment-assigned off premises task was acting in the course of employment. Id. 203 N.J. Super. at 144. In passing upon this issue, the court stated that "[t]he evident intent of the Legislature [in enacting N.J.S.A. 34:15-36] was to preserve the `special mission' exception to the `going and coming rule' when an employee is away from the work place at his employer's direction and `when the employee is engaged in the direct performance of duties assigned ... by the employer....'" Id. at 142. Applying the special mission exception, the court held that the employee's injuries were compensable notwithstanding the fact that the accident occurred after completion of his assigned duties while he was returning to his home. Id. at 143.
We have no occasion here to express our agreement or disagreement with the thesis that the "special mission" exception to the going and coming rule survived enactment of N.J.S.A. 34:15-36. We merely observe that petitioner was not performing a "special mission" on behalf of her employer when the injury was sustained. This is not a case in which an employee, having identifiable time and space limits on his *428 employment, deviates from his normal daily routine and embarks upon a journey to perform a work-related task. Nemchick v. Thatcher Glass Mfg. Co., supra at 143. See also Briggs v. American Biltrite, 74 N.J. 185, 192 (1977); Mikkelsen v. N.L. Industries, 72 N.J. 209, 218 (1977); Ricciardi v. Damar Products Co., supra 45 N.J. at 61-62; Binet v. Ocean Gate Bd. of Ed., 90 N.J. Super. 571, 574 (App.Div. 1966); O'Reilly v. Roberto Homes, Inc., 31 N.J. Super. 387, 391 (App.Div. 1954); 1 Larson, supra, § 16.10 at 4-124 to 4-141. Here, petitioner had fully completed her work assignment and was safely ensconsed in the motel before she decided to embark upon a purely personal errand. The mere fact that she volunteered to purchase food for a close personal friend who happened to be her supervisor, cannot convert her obviously personal recreational pursuit into a work-related duty.
We have also considered petitioner's alternative argument that her injuries were compensable because the entire city of Rahway was her place of employment. We conclude that this contention is wholly without merit and does not require further discussion. R. 2:11-3(e)(1)(E).
Accordingly, the determination of the Division of Workers' Compensation dismissing petitioner's claim is affirmed.