216 N.J. Super. 685 (1987)
524 A.2d 876
MARLENE LIVINGSTONE, PETITIONER-APPELLANT,
v.
ABRAHAM & STRAUS, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 3, 1987.
Decided April 9, 1987.
*686 Before Judges MICHELS, O'BRIEN and LANDAU.
*687 Rothstein, Mandell, Strohm & Gelson, attorneys for appellant (Scott J. Basen, of counsel and on the brief).
Robert G. Bressler, attorney for respondent (David L. Schlosser, of counsel; David Schlosser and Robert Bressler, on the brief).
The majority opinion of the court was delivered by LANDAU, J.S.C. (temporarily assigned).
Petitioner-appellant Marlene Livingstone appeals from a judgment of the Division of Workers' Compensation which dismissed her petition for benefits for allegedly work-connected injuries. We conclude that the judge of compensation erred in dismissing the petition, and accordingly reverse and remand.

FACTS
After parking her car in a distant section of the Monmouth Mall parking lot in Eatontown, Livingstone was struck by a co-employee's car as she walked across the lot to her job at the Abraham & Straus Department Store (A & S) operated by respondent.
A & S is a tenant at the Monmouth Mall, which houses three other major department stores and numerous smaller shops. It does not maintain the parking lot nor does it exercise any conventional supervision over any portion of the lot, all of which is available for the common use of tenants and their patrons. No section of the lot is singled out for use by A & S employees to the exclusion of patrons or employees of other stores. Nonetheless, petitioner's uncontradicted proofs showed that she and her co-employees were instructed to park only in the outlying reaches of the lot in order to make more convenient parking spots available for A & S customers. A store guard monitored the designated employee entrance and actively insured compliance with this rule.

*688 THE LAW
The compensation division judge held that Livingstone's accident did not arise out of and in the course of employment because of her failure to sustain the jurisdictional burden of proof that A & S controlled the parking lot. Inasmuch as Livingstone, "at the time of her injury, was in an area common to the public ..." the compensation judge determined, "... that since the respondent did not control the parking lot and was only a tenant at the Monmouth Mall, that the petitioner has failed to sustain the burden of proof as to control of the parking lot" required by N.J.S.A. 34:15-36.[1] The petition was accordingly dismissed at the conclusion of the compensability phase.
Livingstone here presents the following arguments:
POINT I  WHERE AN EMPLOYER IS A TENANT IN A SHOPPING MALL THE PARKING LOT IS UNDER THE CONTROL OF THE EMPLOYER RENDERING COMPENSABLE AN INJURY SUFFERED BY AN EMPLOYEE THEREIN PURSUANT TO THE WORKERS' COMPENSATION ACT.
A. The Workers' Compensation Act does not require exclusive control of an area in order to render an injury occurring therein as compensable.
B. The premises rule does not deny compensation for an injury, such as this, which occurs when the employee attempts to enter the employer's premises and is thereby subjected to an unusual risk created by the employer.
POINT II  RESPONDENT HAS PRESENTED NO TESTIMONY TO SUPPORT ITS CONTENTION THAT RESPONDENT DID NOT EXERCISE CONTROL OVER THE PARKING LOT ON JULY 14, 1981.
*689 In support of her arguments, Livingstone urges that we consider Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7 (1970) and Konitch v. Hartung, 81 N.J. Super. 376 (App.Div. 1963), certif. den. 41 N.J. 389 (1964), cases which held, prior to major statutory revisions in 1979, that parking lots were deemed part of the employer's premises. Livingstone cites, too, our recent decision in Cressey v. Campus Chefs, Div. of CVI Services, Inc., 204 N.J. Super. 337, 343 (App.Div. 1985) holding that the phrase "excluding areas not under the control of the employer" as used in N.J.S.A. 34:15-36 "does not relate to concepts of exclusive control or duties of maintenance as viewed by the compensation judge but, rather, implies only use by the employer in the conduct of his business." In addition she cites several out-of-state cases involving shopping center parking lots in which courts have held compensable injuries by store employees which occurred in the parking lots, where the lots were owned and managed by others, but served the common purpose of all of the shopping center tenants. See, e.g., Frishkorn v. Flowers, 26 Ohio App.2d 165, 270 N.E.2d 366 (Ct.App. 1971); Merrill v. J.C. Penney, 256 N.W.2d 518 (Minn. 1977); Berry v. B. Gertz, Inc., 21 A.D.2d 708, 249 N.Y.S.2d 285 (N.Y. App. Div. 1964); but see, Glassco Belk-Tyler Co. of Goldsboro, 316 S.E.2d 334 (App. 1984).
The "going and coming rule," also referred to as the "premises" rule, has long constituted a bar to compensation for injuries which occur going to or coming from work. See 1 Larson, The Law Of Workmen's Compensation, § 15.00, et seq. (1984). However, until legislative amendments were made to N.J.S.A. 34:15-36 (L. 1979, c. 283, § 12) exceptions created by the courts had "swallowed up the rule." See Hammond, 56 N.J. at 12. Prior to the amendments, New Jersey appears to have adhered to the majority view throughout the country which holds that parking lots, including shopping center parking lots, would be considered part of the employer's premises if used by employees of shopkeepers in those centers. See, e.g., Larson, supra, § 15.41 at 4-87, et. seq.
*690 Without doubt, the 1979 amendments to N.J.S.A. 34:15-36 were not designed to give employers relief from the "going and coming rule" but rather from the numerous exceptions which have evolved to that rule. Ward v. Davidowitz, 191 N.J. Super. 518, 522 (App.Div. 1983). Indeed, as we observed in Ward v. Davidowitz, id. at 523 the Chief Judge of Compensation commented in 1981 that the language of the amendments was designed "to remove from compensability certain cases heretofore held compensable where special hazards existed en route to the employer's premises, ..." Napier, "Impact of the Reform Act of 1980," 96 N.J.Lawyer 17 (August 1981). However, as we observed in Nemchick v. Thatcher Glass Mfg. Co., 203 N.J. Super. 137, 143 (App.Div. 1985), "[w]hether an employee is deemed within the course of employment must be resolved on a case-by-case basis." In Nemchick, the court recognized the significance of an enhanced exposure to hazard which might arise as a result of complying with off-premises duties, although not actually occurring in the course of those duties. Ibid. Thus, while we have been careful to confine strictly any apparent exceptions to the "going and coming rule," in accordance with the clear legislative mandate of the 1979 amendments, see, e.g. Ohio Casualty Group v. Aetna Casualty, 213 N.J. Super. 283 (App.Div. 1986), Mangigian v. Franz Warner Assoc., Inc., 205 N.J. Super. 422 (App.Div. 1985), we have not hesitated to utilize the case-by-case analysis approach set forth in Nemchick, 203 N.J. Super. at 143 where the statutory purpose is not perverted. Such analysis cannot ignore the continuing mandate of the statute that, as remedial legislation, it shall be construed liberally to effectuate its purpose. See Briggs v. American Biltrite, 74 N.J. 135, 188 (1977).
The compensation judge and our dissenting colleague have relied on the absence of employer "control" of the parking lots in a property sense. Under this view of N.J.S.A. 34:15-36, if the employer does not exclusively maintain or exercise other exclusive mechanical incidents of control over the parking area, and if all users of the parking lot, including its patrons, are *691 subject to the same risks of use, the "going and coming rule" would preclude a worker's compensation award here. But, cf. Cressey, 204 N.J. Super. at 343.
We think that the inquiry into control, however, cannot rationally end with mere considerations of property law responsibility in those limited situations where, as here, an employer actively extends, or continues, his control over the person of the employee beyond the entrance door. Indeed, if degree of "control" over the property of the parking lot is a meaningful aid in resolving whether an injury has arisen out of and in the course of employment, it must be because such control is deemed to affect indirectly the employee, not because it is an inherent incident of compensability. We share the view expressed by the dissent that the 1979 amendments were intended, and should be construed, to strictly limit awards for going and coming injuries. Reliance upon the absence of exclusive property control, however, misses the mark, unless the question of control of the employee is also addressed.
Here, as the uncontroverted facts show, A & S employees do not occupy status congruent with the patrons and other users of the common parking areas. They are prohibited by A & S, for understandable commercial reasons, from parking in those areas of the lot affording most convenient access to the store. The lot has no pedestrian walkways. Employees must make their way across the lot to and from the perimeter areas in day and night, whatever the condition of season, traffic or weather. Thus, we do not think that it can fairly be said that the employee is subjected only to the same risks as other users of the lot. To the contrary, it would seem logical that the hazard of traversing an expansive parking area is a function of the distance between the parking spot and the employer's store. Even were this not so, Livingstone's ordinary off-premises freedom of action has clearly been controlled here by A & S for the benefit of its store and its patrons. This control necessarily manifests itself in the parking lot and adequately fulfills the *692 statutory requirement for employer control. Cf. Close v. Kordulak Bros., 44 N.J. 589, 604 (1965), Cressey v. Campus Chefs, 204 N.J. Super. at 343.
Had Livingstone been free to park wherever she chose, we would agree with the compensation judge that petitioner's burden to establish control by A & S would not have been met under N.J.S.A. 34:15-36. Here, an individual analysis of the facts of this case persuades us that neither Livingstone nor the co-employee who accidentally ran her down would have been at the place of the accident, except for their employer's mandate. We decline to categorize this in terms of "premises" or "special hazard." We observe only that Livingstone's accident was incident to the special, though limited, control of employee off-premises freedom of action which was exercised by her employer. Perhaps another way of looking at it is that Livingstone's first employer assigned duty of the day, and that of the driver who struck her, was to park in the area where she was injured. Her burden, in either event, has been carried.
Our determination makes it unnecessary for us to consider more fully the second point raised by Livingstone. We note, however, that the compensation judge correctly determined that it was petitioner's burden to establish control under the statute, and that there was no obligation on the part of the employer to prove absence of control.
Reversed and remanded for hearing on the issue of damages, consistent with this opinion.
MICHELS, P.J.A.D. (dissenting).
I respectfully disagree with the majority that petitioner-employee Marlene Livingstone is entitled to compensation benefits for the injury she sustained when struck by an automobile operated by a co-employee while walking from her automobile to respondent-employer Abraham & Straus, Inc.'s department store located in the Monmouth Mall in Eatontown, New Jersey.
*693 The Division Judge found that since respondent was not in control of the parking area and was only a tenant at the Monmouth Mall, petitioner's accident did not arise out of and in the course of her employment within the purview of N.J.S.A. 34:15-7. I am satisfied from my study of the entire record that these findings and conclusions "could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility and with due regard to his expertise." Bradley v. Henry Townsend Moving & Storage Company, 78 N.J. 532, 534 (1979). See also Close v. Kordulak Bros., 44 N.J. 589, 598-599 (1965); De Angelo v. Alsan Masons, Inc., 122 N.J. Super. 88, 89-90 (App.Div. 1973), aff'd o.b. 62 N.J. 581 (1973). I find no sound basis or justification for disturbing them. R. 2:11-3(e)(1)(D) and (E).
The pivotal issue of whether an employee is within the scope of his or her employment when he or she is injured is now governed by L. 1979, c. 283, § 12 (codified at N.J.S.A. 34:15-36). The portion of N.J.S.A. 34:15-36 here pertinent provides:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer, but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer. Travel by a policeman or fireman in responding to an emergency shall be deemed to be in the course of employment.
This provision was part of the 1979 revision of our Workers' Compensation Law, which was designed to "make available additional dollars for benefits to seriously disabled workers while eliminating, clarifying or tightening awards of compensation based upon minor permanent partial disabilities not related to the employment." Joint Statement of the Senate and *694 Assembly Labor, Industry and Professional Committee to Senate No. 802 and Assembly No. 840 (1979). The amendment was designed to "put significantly more money into the hands of the more seriously injured workers while providing genuine reform and meaningful cost containment for New Jersey employers from unjustified workers' compensation costs that are presently among the highest in the nation." Ibid. See also Mangigian v. Franz Warner Assoc., Inc., 205 N.J. Super. 422, 425 (App.Div. 1985); Cressey v. Campus Chefs, Div. of CVI Service, Inc., 204 N.J. Super. 337, 341 (App.Div. 1985); Ward v. Davidowitz, 191 N.J. Super. 518, 521-522 (App.Div. 1983). One of the costs saving benefits to employers was "(8) establishing relief from the far-reaching effect of the `Going and Coming Rule' decisions by defining and limiting the scope of employment...." See Joint Statement of Senate and Assembly, Labor, Industry and Professions Committee to Senate No. 802 and Assembly 840. See also Mahon v. Reilly's Radio Cabs, Inc. 212 N.J. Super. 28, 33 (App.Div. 1986); Mangigian v. Franz Warner Assoc., supra, 205 N.J. Super. at 424; Ward v. Davidowitz, supra, 191 N.J. Super. at 521-524.
The rule referred to in the Joint Statement, which denies compensation for accidents occurring while the employee is traveling to and from work, produced harsh results in some cases and led our courts to carve out numerous exceptions to the rule. See Hammond v. The Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970). As a result, the Supreme Court recognized that the exceptions to the "going and coming" rule have so proliferated that they have "overshadowed the basic rule." Watson v. Nassau Inn, 74 N.J. 155, 159 (1977); Hornyak v. The Great Atlantic & Pacific Tea Co., 63 N.J. 99, 103-104 (1973); Mangigian v. Franz Warner Assoc., Inc, supra, 205 N.J. Super. at 426.
Armed with the knowledge of our court's construction of the "going and coming" rule, the Legislature amended N.J.S.A. 34:15-36 to clarify the definition of employment and to relieve employers from the responsibility for accidents occurring in *695 areas not under their control unless the employee was required to be away from the place of employment. In that event the determining element of compensability rests upon the direct performance of duties assigned or directed by the employer. See Mahon v. Reillys Radio Cabs, Inc., supra, 212 N.J. Super. at 33-34; Mangigian v. Franz Warner Assoc., Inc., supra, 205 N.J. Super. at 427-428; Ward v. Davidowitz, supra, 191 N.J. Super. at 523. In this regard, Chief Judge Napier of the Division in an article entitled "Impact of the Reform Act of 1980", 96 N.J.L. 17, 18 (1981), observed that as a result of the 1979 amendment "[c]ompensability is sharply curtailed in `off-premises' accidents." Id. at 18. See also Lefelt, "Workers' Compensation in New Jersey: A Critique of S-802", 104 N.J.L.J. 425, 434 (1981).
In construing this statute we must not lose sight of the fact that it is fundamental that "`the meaning of a statute must ... be sought in the language in which the act is framed, and if that is plain ... the sole function of the court is to enforce it according to its terms.'" Sheeran v. Nationwide Mutual Insurance Co., Inc., 80 N.J. 548, 556 (1979) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442, 452 (1917). See also State v. Maguire, 84 N.J. 508, 528 (1980); Vreeland v. Byrne, 72 N.J. 292, 302 (1977); DeHart v. Bambrick, 177 N.J. Super. 541, 549 (App.Div. 1981); 2A Sutherland, Statutory Construction, § 4601 at 73-74. (rev. Sands 4th Ed. 1984). Moreover, we are bound to construe the statute consonant with its clearly expressed purpose. These principles applied here leave no room for judicial interpretation. The plain and unambiguous language of the 1979 amendment to N.J.S.A. 34:15-36 required petitioner to demonstrate that the accident occurred in an area under the control of respondent. It is now not enough that the accident occurred in an area in reasonable proximity to the employer's place of business.
Here, the proofs show that petitioner's accident did not occur in the area at the mall under the control of respondent. Petitioner was injured in an automobile accident while walking *696 from the area where she had parked her automobile to respondent's department store. She had left her automobile, crossed a grass traffic lane and was walking in the center of a road in the parking area when she was struck by a co-employee's automobile. Respondent's store, one of the four anchor stores, was only one of the 120 stores in the mall. Although the record is not entirely clear, each store in the mall was permitted to utilize the mall's vast parking facilities for customer and employee parking. Respondent utilized one of the areas nearest its store for customer parking and designated another area further away for employee parking. The employees, including petitioner, were specifically instructed to park in the area away from the store, and a security guard, located at the entrance to the store, checked to make certain that employees did not park in the area designated for customers.
Neither the parking area nor the road where the accident occurred was under respondent's control in any sense. Respondent did not own, maintain or even have exclusive use of the area where petitioner parked her automobile or the road where the accident occurred. Moreover, nothing in the record suggests that respondent had the power or authority to manage, direct, regulate or supervise these areas. Respondent simply had the right to use the area for customer and employee parking. The right to use is not equivalent to control.
Moreover, the fact that respondent directed its employees to park in a specific area does not constitute control of the area within the scope and intendment of N.J.S.A. 34:15-36 or transform an occurrence of the kind here involved into a compensable accident. In my view, the majority has in effect read out of the statute, the phrase "excluding areas not under the control of the employer", thereby undercutting the legislative purpose sought to be achieved by the 1979 revision of N.J.S.A. 34:15-36.
Finally, I point out that although control of an area by the employer need not be exclusive (see Cressey v. Campus Chefs, Div. of CVI Services, Inc., supra, 204 N.J. Super. at 343), *697 petitioner must present proofs sufficient to establish that the area was under at least some control to render an accident occurring therein compensable under our present Workers' Compensation Law. No such proof was present here.
Accordingly, I would affirm the judgment under review essentially for the reasons expressed by Judge Gumbs in his oral opinion of April 2, 1986.
NOTES
[1] The relevant part of N.J.S.A. 34:15-36, as amended by L. 1979, c. 283 reads:

Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer.