FERGUS F. FLANAGAN, PETITIONER-APPELLEE, DEFENDANT IN CERTIORARI, RESPONDENT, v. CHARLES E. GREEN & SON, RESPONDENT-APPELLANT, PROSECUTOR IN CERTIORARI, APPELLANT.

Submitted February 17, 1939—Decided April 21, 1939.

For the petitioner-appellee, *Frank G. Turner.*

For the respondent-appellant, *Kellogg & Chance* (*R. Robinson Chance*).

PER CURIAM.

This is a workmen's compensation case. The bureau found for the petitioner and the Common Pleas affirmed. On *certiorari* the Supreme Court affirmed the Common Pleas except as to the measure of compensation, and the employer appeals.

The first point urged is that there was no proof of an accident arising out of and in the course of employment. This claim is untenable. It rests on a factual distinction that is obviously frivolous. The employe, as had been the custom, had his lunch on the employer's premises. When he had finished, he proceeded towards another part of the room for the purpose of washing a milk bottle. The power having been turned off, there was a lack of sufficient lighting and while walking through the room he tripped over a stool and fell to the floor, suffering a fracture of the leg. Granting that an employe injured while taking his lunch on the employer's premises in accordance with custom, suffers an accident arising out of and in the course of his employment, the employer here points out that the employe was not so engaged, but was walking through an unlighted portion of the room at the time he sustained his injury. We think this distinction is so obviously unsound as to merit no discussion.

The second point deals with another accident which happened to the employe while confined in the hospital under treatment for the first injury. While the employe was co-operating with the nurses in the removal of bed clothing, he suffered a fracture or dislocation of one of his arms, whereby permanent injury was sustained, and compensation was awarded on the theory that it was directly connected with

the first compensable injury. Claiming that the second injury was the result of the negligence of the nurses the employer invokes the principle of intervening and superseding cause in support of its claim that the consequences of this accident are not compensable. It is true, as pointed out by the employer, that most, if not all of the cases cited by the employe, relate to negligence in the treatment of the original injury, and the employer finds a distinction between such cases and the instant one, where the second injury had no relation to the first, except that it was sustained while he was under treatment for the first. While the question is fairly debatable, we incline to the view that whether the negligent treatment of the injury results in its aggravation or a wholly independent injury, the disability consequent on the second accident is classable as resulting from the first injury, in that it came about through treatment of the compensable injury and was directly connected therewith. In this respect we can see no distinction between the instant case and one in which, through negligent treatment, the disability was increased.

Other grounds for reversal were argued in the Supreme Court and disposed of in the opinion. While content with the reasoning in so far as those grounds are concerned, we deem it proper to point out that here we have dealt only with the questions presented on this appeal.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.