ROBERT C. SARZILLO, PETITIONER-RESPONDENT, v. TURNER CONSTRUCTION CO., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1984—Decided December 17, 1984.

Before Judges FURMAN and COHEN.

*Thomas E. Miller* argued the cause for appellant (*Robert G. Bressler,* attorney).

*John R. Lanza* argued the cause for respondent (*Thatcher & Lanza,* attorneys).

The opinion of the court was delivered by

FURMAN, J.A.D.

At issue on this appeal is whether an injury suffered in a lunchtime recreational activity at a construction site was compensable under the Workers' Compensation Law. Respondent employer appeals from an award in favor of petitioner.

*N.J.S.A.* 34:15–7, as amended effective January 10, 1980, bars workers' compensation for an injury suffered in recreational or social activities "unless such recreational or social activities are a regular incident of employment and produce a benefit to the employer beyond improvement in employee health and morale."

Undisputed facts include the following. Petitioner was employed by respondent as a carpenter at a construction site in Bedminster Township. His shift was from 8:00 A.M. to 3:20 P.M. with a paid lunch break of 40 minutes. After eating his lunch on the day of the accident, petitioner and co-employees engaged in a paddle game called Ka-nocka. When reaching down to hit the ball, petitioner slipped and ruptured an Achilles tendon. Petitioner and co-employees supplied the paddles and ball for the game. They had played Ka-nocka 12 to 15 times previously during approximately three months at the site. The nearest restaurant was two miles away.

Accidental injuries during lunch breaks have been recognized as occurring in the course of employment and hence compensable under the Workers' Compensation Law. The Supreme Court so held in *Wyatt v. Metropolitan Maintenance Company,* 74 *N.J.* 167 (1977), commenting 74 *N.J.* at 171:

. Midday meals have long been recognized as in integral part of the work routine. Very early in the history of the act, our courts held that accidental

injuries during such breaks would be compensable if the employee was at or near his usual place of work.

Petitioner's injury occurred at the job site during employment hours. The narrow issue before us is whether the workers' compensation judge erred in concluding that the lunchtime Ka-nocka game was a recreational activity within the exception in *N.J.S.A.* 34:15–7: one which was a regular incident of employment and produced a benefit to the employer beyond improved health and morale. Under the circumstance that petitioner actively participated in the Ka-nocka game, we deem inapplicable *N.J.S.A.* 34:15–7.1, which provides that injuries incurred through horseplay and skylarking by others are compensable.

The workers' compensation judge concluded that petitioner's recreational injury was compensable, within the statutory exception, in accordance with the following findings of fact.

Petitioner was, in effect, required to eat his lunch at the job site, since he would have been unable to leave the job site to go to a restaurant and return in time to resume work at the required time.... The fact is that any construction workers have to get along with each other and are entitled to have some physical exercise as well as food during their breaks and including the lunch break; that the respondent condoned this activity and never ordered these employees to cease....

Those findings were reasonably reached on substantial credible evidence in the record as a whole, *Close v. Kordulak Bros.,* 44 *N.J.* 589, 599 (1965), and, in our view, fully support the conclusions that the Ka-nocka game was a recurrent lunchtime recreational activity, that is, a regular incident of employment, and produced the special benefit to the employer that employees, by remaining at the job site during lunch, did not instead travel some distance to a restaurant and exceed or risk exceeding their allotted 40 minute break.

*Cotton v. Worthington Corp.,* 192 *N.J.Super.* 467 (App.Div. 1984), upon which respondent employer relies, is factually distinguishable.

We affirm.