199 N.J. Super. 336 (1985)
489 A.2d 719
SHUANG-CHING CHEN AND BILL CHEN, HER HUSBAND, PLAINTIFF-APPELLANT,
v.
FEDERATED DEPARTMENT STORES INC. T/A ABRAHAM & STRAUS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1985.
Decided March 12, 1985.
*337 Before Judges PRESSLER, BRODY and COHEN.
Garruto, Galex & Cantor, attorneys for appellant (Bryan D. Garruto, of counsel).
Jared D. Honigfeld, attorney for respondent (Frank Matturri, on the brief).
The opinion of the court was delivered by RICHARD S. COHEN, J.A.D.
The trial court granted defendant's motion for summary judgment on the ground that plaintiff's sole remedy for her bodily injury claim was under the Workers' Compensation Act. N.J.S.A. 34:15-7 et seq. We agree and now affirm.
Plaintiff's answers to interrogatories established that she was employed as a salesperson at defendant's store on the date of her injury; that she was on her lunch break and was shopping on the store premises. As she did so, she said, she tripped on a clothes hanger that lay on the floor and was injured.
Plaintiff argues that she was not entitled to workers' compensation benefits for her injuries and that she could therefore *338 bring a civil action against defendant. In particular, plaintiff contends that the 1979 amendments to the statute bar workers' compensation benefits. L. 1979, c. 283.
It is generally held that injuries occurring on the employer's premises during a regular lunch hour arise in the course of employment. 1A Larsen, Workmen's Compensation Law, § 21.21(a). New Jersey has long adhered to that rule. Flanagan v. Charles E. Green & Son, 121 N.J.L. 327, 329-330 (Sup.Ct. 1938), aff'd 122 N.J.L. 424 (E. & A. 1939); Hanna v. Erie Railroad Co., 8 N.J. Misc. 829, 152 A. 179 (Sup.Ct. 1930). We so held only a few months ago in Sarzillo v. Turner Construction Co., 198 N.J. Super. 29 (App.Div. 1984). A different case is presented if a lunch break injury occurs on a part of the premises where the employee has no right to be. Robertson v. Express Container Corp., 13 N.J. 342 (1953).
Plaintiff argues that, even though the injury occurred on-premises during a lunch break, the fact that she was shopping severs the relationship between her employment and her injury. Not so. The occasion of plaintiff's shopping at Abraham & Straus was her employment there. It was convenient for her and beneficial to her employer. No doubt, lunchtime shopping was encouraged by the employer, perhaps even by the allowance of price discounts. An injury in these circumstances was ruled compensable in Wilson v. Sears, Roebuck & Co., 14 Utah 2d 360, 384 P.2d 400 (1963). In our view, lunchtime shopping is an on-premises activity that benefits the employer and should not militate against compensability.
Nothing in the 1979 amendments points the other way. N.J.S.A. 34:15-36's new definition of employment excludes travel to and from work in most circumstances. For that reason, it severely restricts the compensability of injury occurring during off-premises lunchtime travel. Ward v. Davidowitz, 191 N.J. Super. 518 (App.Div. 1983). Compare the pre-1979 Wyatt v. Metropolitan Maintenance Company, 74 N.J. 167 (1977); Hornyak v. The Great Atlantic & Pacific Tea Co., 63 N.J. 99 *339 (1973). The 1979 amendments make no reference to on-premises lunchtime injury and therefore do not affect their compensability.
Affirm.