702 A.2d 503

LINDA SPARROW, PLAINTIFF–APPELLANT, v. LA CACHET,
INC., CHRISTINE VALMY, INC. AND MARINA BRATSUPIS,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 6, 1997—Decided November 12, 1997.

Before Judges PETRELLA, SKILLMAN and WERTHEIMER.

*John R. Connelly* argued the cause for appellant (*Drazin & Warshaw*, attorneys; *Mr. Connelly*, on the brief).

*Gregory D. Winter* argued the cause for respondents La Cachet, Inc. and Marina Bratsupis (*Felzenberg, Winter & Winkler*, attorneys; *Mr. Winter*, on the brief).

*Audra L. Schwartz* argued the cause for respondent Christine Valmy, Inc. (*Thomas J. Fellig*, attorney; *Amy E. Whitteaker*, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Plaintiff was employed as a beautician by defendant La Cachet, Inc. When she reported for work on the morning of February 8, 1991, plaintiff was informed that there were no customers for her to serve and that she could go home. Under the terms of her employment, this meant that plaintiff would receive no compensation for that day. However, plaintiff told the owner of La Cachet, Maria Lopez, that she was going on vacation and asked if she could get a facial. Lopez agreed to this request and assigned defendant Marina Bratsupis to administer the facial using a machine manufactured by defendant Christine Valmy, Inc. (Christine Valmy). At some point during this procedure the machine suddenly emitted scalding water and steam, which caused burning and scarring to plaintiff's neck.

Plaintiff brought this personal injury action against La Cachet, Bratsupis and Christine Valmy.[1] After deposing plaintiff, Christine Valmy moved for summary judgment. The trial court grant-

---

[1] Plaintiff also filed a petition for workers' compensation, which was settled prior to any adjudication of whether her accident occurred during and in the course of employment.

ed the motion, concluding in an oral opinion that plaintiff had not produced any expert opinion or other evidence from which a jury could find that the machine manufactured by Christine Valmy was defective.

When the case was called for trial against La Cachet and Bratsupis, the parties stipulated that the sole liability issue was whether plaintiff's accident occurred during and in the course of her employment and consequently was barred by the Workers' Compensation Act, *N.J.S.A.* 34:15–1 to –128, and that this issue could be decided solely on the basis of plaintiff's deposition. The parties also stipulated that if the case was not barred by the Workers' Compensation Act, there was no defense to the plaintiff's negligence claim and the case should be scheduled for a trial on damages. The court concluded in a letter opinion that plaintiff's accident had occurred during and in the course of her employment and consequently that her tort action against La Cachet and Bratsupis was barred.

Plaintiff appeals. We affirm the summary judgment in favor of Christine Valmy. However, we conclude that plaintiff's accident did not occur during and in the course of her employment. Therefore, we reverse the dismissal of plaintiff's complaint against La Cachet and Bratsupis and remand for a trial on damages against these defendants.

I

Plaintiff's appeal from the dismissal of her product liability claim against Christine Valmy is clearly without merit and does not require extended discussion. *R.* 2:11–3(e)(1)(E). Plaintiff stated in her answers to interrogatories that she did not intend to present any expert opinion testimony to support this claim. Instead, she indicated that she would rely solely upon statements of two coworkers at La Cachet that the machine "never worked right" and "always caused problems." However, plaintiff did not present any evidence as to when the machine was manufactured, whether La Cachet purchased the machine new or used, whether

La Cachet properly maintained the machine, or whether the machine was properly used by La Cachet's employees. In fact, plaintiff testified that the machine was on the premises prior to the time La Cachet hired the two coworkers whose statements she relies upon in support of her claim against Christine Valmy. Therefore, plaintiff did not present evidence from which a trier of fact could infer without supporting expert testimony that the machine was defective when distributed. *Compare Moraca v. Ford Motor Co.,* 66 *N.J.* 454, 460, 332 *A.*2d 599 (1975); *Ventura v. Ford Motor Corp.,* 180 *N.J.Super.* 45, 53, 433 *A.*2d 801 (App.Div. 1981).

## II

To be compensable under the Workers' Compensation Act, an accident must "aris[e] out of and in the course of employment." *N.J.S.A.* 34:15–7. The phrase "in the course of" employment refers to "the time, place, and circumstances of the accident in relation to the employment" and the phrase "arising out of" employment refers to the "causal origin" of an accident. *Coleman v. Cycle Transformer Corp.,* 105 *N.J.* 285, 288, 520 *A.*2d 1341 (1986) (quoting 1 A. Larson, *Workmen's Compensation Law* § 6.10 (1985)).

We have serious doubt whether plaintiff's accident occurred "in the course of" employment. Plaintiff would have been within the course of her employment if she had tripped on the carpet at the entrance to the beauty salon when she was reporting for work or as she was departing after being informed that there was no work available. However, we consider it strongly arguable that when plaintiff decided to stay in the shop in order to obtain a facial, she no longer was in the course of her employment but rather occupied the same status as any other customer. The fact that she received the facial on a day she had reported for work appears purely coincidental; she could just as easily have received this treatment on one of her days off. Nevertheless, the prior decisions of our courts have construed this test of compensability quite

expansively. *See, e.g., Coleman v. Cycle Transformer Corp., supra,* 105 *N.J.* at 289–90, 520 *A.*2d 1341; *Mikkelsen v. N.L. Indus.,* 72 *N.J.* 209, 212–13, 370 *A.*2d 5 (1977). Therefore, despite our reservations, we assume for the purpose of this opinion that plaintiff was still in the course of her employment when the accident occurred and proceed to the question whether the accident "arose out of" that employment.

 To be found to have "aris[en] 'out of' the employment," the risk of an accident "must be of such nature" that it "might have been contemplated by a reasonable person when entering the employment, as incidental to [that employment]." *Coleman v. Cycle Transformer Corp., supra,* 105 *N.J.* at 289, 520 *A.*2d 1341 (quoting *Rafferty v. Dairymen's League Coop. Ass'n,* 16 *N.J. Misc.* 363, 366, 200 *A.* 493 (Dep't of Labor, Workmen's Comp. Bureau 1938)). "A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service." *Ibid.*

Applying this basic test, the Supreme Court has identified three categories of risks which may result in an accident arising out of an employment: risks "distinctly associated" with the employment, such as an employee's fingers getting caught in a machine; "neutral" risks, such as an employee getting struck by lightning while on the job; and risks that are "personal" to an employee, such as a non-work related heart attack suffered while on the job. *Id.* at 290–92, 520 *A.*2d 1341. Accidents resulting from risks which are "distinctly associated" with the employment or "neutral" are compensable, but accidents resulting from "personal" risks are non-compensable. *Id.* at 291–92, 520 *A.*2d 1341. The Court described "personal risks" as including those which arise from the "personal proclivities" of the employee and consequently have a "minimal" connection to the employment. *Id.* at 292, 520 *A.*2d 1341 (quoting *Howard v. Harwood's Restaurant Co.,* 25 *N.J.* 72, 85, 135 *A.*2d 161 (1957)).

 We conclude that plaintiff's accident arose from a "personal risk" because she had a facial at her employer's beauty salon

solely for her own personal benefit. We recognize that an accident which occurs while an employee is engaged in an activity to improve her appearance which is mandated or encouraged by the employer may be found to arise out of the employment. *See Watson v. Nassau Inn,* 74 *N.J.* 155, 376 *A.*2d 1215 (1977). However, plaintiff testified that even though Lopez was extremely concerned about the appearance of her employees and insisted that they get their haircuts and manicures at La Cachet, she never directed or encouraged plaintiff to get a facial. In fact, plaintiff had received only two or three facials during the four years she was employed at La Cachet, and she asked Lopez for permission to receive a facial solely because she was going on vacation. Moreover, when asked at her deposition whether it was necessary for her to have a facial on a routine basis "to make the proper presentation ... as a professional in a beauty business," plaintiff responded: "I look good without a facial." Because the employer provided the free facial for plaintiff's benefit rather than to serve the employer's interests, plaintiff's accident did not arise out of a risk that belong[ed] to or [was] connected with what [she had] to do in fulfilling [her] contract of service. *Coleman v. Cycle Transformer Corp., supra,* 105 *N.J.* at 289, 520 *A.*2d 1341. Instead, it was solely the "personal proclivities" of the employee which gave rise to the harm. *Id.* at 292, 520 *A.*2d 1341.

Accordingly, we affirm the summary judgment in favor of Christine Valmy but reverse the dismissal of plaintiff's complaint against La Cachet and Bratsupis and remand the case for a trial on damages against these defendants.