729 A.2d 478 (1999)
321 N.J. Super. 471
Donna ZAHNER, Petitioner-Appellant,
v.
PATHMARK STORES, INC., Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1999.
Decided May 28, 1999.
*479 *480 Todd A. Wallman, Shrewsbury, for petitioner-appellant (Robert A. Olkowitz, attorney; Douglas R. D'Antonio, on the brief).
Andrew A. Valeriani, Jr., Trenton, for respondent-respondent (Michals, Wahl, Silver & Leitner, attorneys; Robert Silver on the brief).
Before Judges KING, WALLACE and FALL.
The opinion of the court was delivered by FALL, J.S.C. (temporarily assigned)
In this workers' compensation case, petitioner, Donna Zahner, appeals from entry of an order dismissing her claim petition on the basis the accident did not "arise out of and in the course of her employment with respondent. We affirm.

I
On December 11, 1996 petitioner was working a four-hour shift as a part-time cashier at the Pathmark food store on Route 35 in Hazlet, New Jersey. Petitioner "punched out" and remained in the store to go food shopping for her mother. She proceeded to the back of the store where she saw her friends and fellow employees, T.J. and Dan, working in the Deli section. After briefly speaking with them, petitioner went to the fish department which was closed. After briefly speaking to the employee assigned to the fish department counter petitioner turned around, slipped and fell on the brown-tiled floor. Petitioner stated she slipped on a thin layer of water which came from the fish department. The water on the floor was caused by the cleaning done by the fish department employee, who used a hose to clean the area. After her fall, petitioner "just walked away" and finished her shopping. Petitioner then went to the front of the store to "cash out" and left to go home but did not inform anyone at the store of her fall. From the time she punched out to the time she fell on the floor in the fish department, petitioner did not leave the Pathmark store.
On December 23, 1996 petitioner filed a Workers' Compensation claim petition seeking compensation for injuries which resulted from the slip-and-fall on December *481 11, 1996 at the store of respondent, Pathmark Inc. Petitioner's alleged injuries included headaches, pain in her neck, right arm, right leg, right shoulder, lower back, and right hand and fingers.
On February 4, 1997 Pathmark filed an answer to the claim petition contending the alleged incident did not arise out of or in the course of petitioner's employment. On March 18, 1997 Judge Boyle conducted a hearing where petitioner testified concerning the December 11, 1996 incident.
On April 7, 1997 respondent filed a motion to dismiss the claim petition for failure to prove the accident arose out of or in the course of petitioner's employment. Petitioner filed opposition to respondent's motion, asserting her injuries did occur during the course of her employment with respondent. On April 21, 1998 Judge Boyle entered an order dismissing petitioner's claim petition with prejudice for failure to establish the accident arose out of and in the course of her employment with respondent.
On appeal, petitioner contends her injury occurred in the course of her employment and was improperly dismissed.

II
Petitioner argues the judge mistakenly applied the law to the facts of the present case. When an error in fact-finding of a judge or administrative agency is alleged, the scope of appellate review is limited. The appellate court will decide whether the findings made could reasonably have been reached from the "sufficient" or "substantial" credible evidence present in the record, considering the proof as a whole, giving "due regard" to the ability of the fact-finder to judge credibility. Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965); De Angelo v. Alsan Masons, Inc., 122 N.J.Super. 88, 89-90, 299 A.2d 90 (App.Div.), aff'd o.b., 62 N.J. 581, 303 A.2d 883 (1973). The appellate court has the power to review the factual determinations of a trial court for any cause, criminal or civil, involving issues of fact not determined by the verdict of a jury and to make new or amended findings, but deference must be given to the determinations of the trial judge. State v. Johnson, 42 N.J. 146, 158-59, 199 A.2d 809 (1964). Appellate review does not consist of weighing evidence anew and making independent factual findings; rather, the function is to determine whether there is adequate evidence to support the judgment rendered below. Id. at 161, 199 A.2d 809. Deference is given to those findings of the trial judge which are substantially influenced by his or her opportunity to hear and see witnesses and to have the feel of the case. Ibid. "When the reviewing court is satisfied that the findings meet this criterion, its task is complete and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal." Id. at 162, 199 A.2d 809.
However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Manalapan Tp. Committee, 140 N.J. 366, 378, 658 A.2d 1230 (1995). Here, the facts are not in dispute. Petitioner contends these facts support a finding an injury was caused to her "arising out of and in the course of employment" with respondent. See N.J.S.A. 34:15-1.
The language of the Workers' Compensation Act must be liberally construed in favor of employees. Cannuscio v. Claridge Hotel, 319 N.J.Super. 342, 349, 725 A.2d 135 (App.Div.1999); Close, 44 N.J. at 604, 210 A.2d 753 (1965); Cressey v. Campus Chefs, Div. of CVI Service, Inc., 204 N.J.Super. 337, 343, 498 A.2d 1274 (App.Div.1985). The Supreme Court has emphasized the Workers' Compensation Act is remedial social legislation that should be liberally construed in order that its beneficent purposes are accomplished. Cannuscio, 319 N.J.Super. at 349, 725 *482 A.2d 135 (citing Shaudys v. IMO Industries, Inc., 285 N.J.Super. 407, 410, 667 A.2d 204 (App.Div.1995)(citing, Fiore v. Consol. Freightways, 140 N.J. 452, 465, 659 A.2d 436 (1995))); Torres v. Trenton Times Newspaper, 64 N.J. 458, 461, 317 A.2d 361 (1974).
N.J.S.A. 34:15-1 of New Jersey's Workers' Compensation Act provides:
When personal injury is caused to an employee by accident arising out of and in the course of employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer, provided the employee was himself not willfully negligent at the time of receiving such injury, and the question of whether the employee was willfully negligent shall be one of fact to be submitted to the jury, subject to the usual superintending powers of a court to set aside a verdict rendered contrary to the evidence.
[Emphasis added.]
Regarding the phrase "arising out of and in the course of employment," our Supreme Court has determined that
[t]he task of construction is made easier by breaking the phrase in half, with the `arising out of portion construed to refer to causal origin, and the `course of employ portion to refer to time, place and circumstances of the accident in relation to the employment.
[Cannuscio, 319 N.J.Super. at 349-50, 725 A.2d 135 (quoting Shaudys v. IMO Industries, Inc., 285 N.J.Super. at 410, 667 A.2d 204 (citing, Coleman v. Cycle Transformer Corp., 105 N.J. 285, 288, 520 A.2d 1341 (1986)(quoting, Dean Larson at 1 A. Larson, Workmen's Compensation Law, section 6.10 (1985)))).]
However, "even though the test must be independently applied and met, it should never be forgotten that the basic concept of compensation coverage is unitary, not dual, and is best expressed in the term work connection." Cannuscio, 319 N.J.Super. at 350, 725 A.2d 135 (quoting Shaudys v. IMO Industries, Inc., 285 N.J.Super. at 410, 667 A.2d 204 (citing, Coleman, 105 N.J. at 289, 520 A.2d 1341 (quoting Larson at section 6.10))). Under the Worker's Compensation Act "employment is deemed to commence when an employee arrives at the employer's place of employment to report for work and terminates when the employee leaves the employer's place of employment, excluding areas not under the control of the employer." N.J.S.A. 34:15-36. This definition describing when employment begins and ends is known as the "premises rule" and it distinguishes between an accident that occurred on the employer's premises and one that did not. Cannuscio, 319 N.J.Super. at 350, 725 A.2d 135; Ramos v. M.F. Fashions, Inc., 154 N.J. 583, 591, 713 A.2d 486 (1998). The pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on which the accident occurred? Cannuscio, 319 N.J.Super. at 350, 725 A.2d 135; Kristiansen v. Morgan, 153 N.J. 298, 317, 708 A.2d 1173 (1998). "Control" as it is defined in the Workers' Compensation Act differs from control in the "formal property law sense" since it is more expansive. Cannuscio, 319 N.J.Super. at 350, 725 A.2d 135; Ramos v. M.F. Fashions, Inc., 154 N.J. at 592, 713 A.2d 486 (1998)(citing Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 105, 543 A.2d 45 (1988))(finding control under the Workers' Compensation Act despite the absence of control according to property law).
Pursuant to N.J.S.A. 34:15-1, the petitioner's injury must also arise "out of the employment. For an accident to arise "out of the employment the risk of the accident "must be of such a nature" that it "might have been contemplated by a reasonable person when entering the employment, as incidental to [that employment]." Sparrow v. La Cachet, Inc., 305 N.J.Super. 301, 306, 702 A.2d 503 (App.Div.1997)(citing *483 Coleman, 105 N.J. 285, 289, 520 A.2d 1341 (1986))(quoting Rafferty v. Dairymen's League Coop. Ass'n, 16 N.J. Misc. 363, 366, 200 A. 493 (Dep't of Labor, Workmen's Comp. Bureau 1938)). "A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service." Ibid. Regarding the "connection" between the injury and employment, New Jersey uses the "but for" or positional-risk test. Coleman, 105 N.J. at 290, 520 A.2d 1341 (1986). Under this test, the court must determine whether it is probably more true than not that the injury would have occurred during the time and place of employment rather than somewhere else. Id. at 290-91, 520 A.2d 1341. Unless it is more probable that the injury would not have occurred under the circumstances of everyday life outside the employment, the necessary causal connection does not exist. Id. at 291, 520 A.2d 1341.
In applying the "but for" test, the Supreme Court has identified three categories of risk which may result in an accident arising "out of employment: (1) risks "distinctly associated" with the employment, such as an employee getting fingers caught in a machine; (2) "neutral" risks, such as an employee struck by lightning; and (3) risks that are "personal" to the employee, such as a non-work related heart attack. Sparrow, 305 N.J.Super. at 306, 702 A.2d 503 (citing Coleman, 105 N.J. at 290-92, 520 A.2d 1341). Accidents which are a result of "distinctly associated" or "neutral" risks are compensable while accidents resulting from "personal" risks are non-compensable. Ibid. "Personal" risks include those risks which arise from the "personal proclivities" of the employee and have a "minimal" connection to the employment. Id. at 306, 702 A.2d 503 (citing Coleman, 105 N.J. at 292, 520 A.2d 1341)(quoting Howard v. Harwood's Restaurant Co., 25 N.J. 72, 85, 135 A.2d 161 (1957)).
In Chen v. Federated Dept. Stores Inc., 199 N.J.Super. 336, 337, 489 A.2d 719 (App.Div.1985), petitioner was employed as a salesperson at respondent's store, Abraham & Straus. On petitioner's lunch break she was shopping in respondent's store, tripped on a clothes hanger and was injured. Ibid. We held injuries occurring on the employer's premises during a regular lunch hour arise "in the course of employment." Id. at 338, 489 A.2d 719. We also stated a different case is presented if a lunch-break injury occurs in an area of the employer's premises where the employee is not permitted. Ibid. We further noted the fact petitioner was shopping did not sever the relationship between employment and her injury because her shopping was both convenient and beneficial to her employer. Ibid. We ruled lunchtime shopping is "an on-premises activity that benefits the employer and should not militate against compensability." Ibid.
In Sparrow, 305 N.J.Super. at 303, 702 A.2d 503, petitioner was a beautician employed by respondent, La Cachet, Inc. One morning she reported for work and was informed there were no customers to serve and she could go home. Ibid. Petitioner told the owner of La Cachet she was going on vacation and asked if she could get a facial. Ibid. During the facial, the machine operated by an employee of La Cachet emitted scalding water and steam injuring petitioner. Ibid. Regarding whether petitioner's injury occurred during the course of her employment, we noted prior decisions construed the test of compensability quite expansively and found petitioner's injuries occurred "in the course of her employment. Id. at 305-06, 702 A.2d 503. However, we also held petitioner's injuries did not arise "out of her employment. Id. at 306-07, 702 A.2d 503. In reaching that decision we found the accident arose from a "personal risk," because petitioner had a facial at her employer's beauty salon solely for her personal benefit. We also held petitioner's accident did not arise "out of a risk that was connected with her contract of service and it was the "personal proclivities" of the employee which gave rise to the harm. Id. at 307, 702 A.2d 503.
*484 Here, petitioner never left the Pathmark store from the time she "punched out" to the time she fell on the floor in the fish department. Petitioner was on respondent's premises throughout the entire incident, respondent had control over the area where petitioner was injured, and she fell in an area where she, as well as any customer, was permitted. Further, similar to the situations in Chen and Sparrow, petitioner "punched out" and remained in the store to go food shopping for her mother. We are satisfied petitioner's accident occurred "in the course of her employment.
However, petitioner's injury did not arise "out of her employment with respondent. Similar to the situation in Sparrow, petitioner decided to remain on her employer's premises to food shop for her mother. The slip-and-fall on the wet floor did not arise "out of a risk connected with her job as a cashier for Pathmark. The "personal proclivities" of petitioner gave rise to the harm she incurred as a result of the slip-and-fall on the wet floor in the fish department. This is a "personal risk" that did not "arise out of her employment. Because petitioner did not establish her injuries were caused by an accident both "arising out of and "in the course of her employment with respondent, Judge Boyle properly dismissed petitioner's claim petition.
We note petitioner instituted suit against Pathmark Stores, Inc. in the Law Division based on this accident to protect against the potential adverse consequence of the applicable statute of limitations. We view this as good practice as the issue of whether a transfer by us of the matter to the Law Division pursuant to R. 1:13-4(b), or other authority, would withstand a statute-of-limitations defense in the Law Division is as yet undecided.
Affirmed.