812 A.2d 1128 (2003)
356 N.J. Super. 389
Vincent J. MULE, Plaintiff-Respondent,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 2002.
Decided January 6, 2003.
*1130 William F. Hartigan, Jr., Trenton, argued the cause for appellant (McLaughlin & Cooper, attorneys; Mr. Hartigan, of counsel and on the brief).
Scott A. Krasny, West Trenton, argued the cause for defendant (Furlong and Krasny attorneys; Mr. Krasny, on the brief).
Before Judges KING, WECKER and FUENTES.
*1129 The opinion of the court was delivered by
FUENTES, J.A.D.
Defendant, New Jersey Manufacturers Insurance Company, appeals the Law Division's *1131 entry of summary judgment declaring plaintiff entitled to uninsured motorist (UM) benefits under his automobile liability policy. N.J.S.A. 17:28-1.1. Defendant argues that plaintiff's claim should be barred by the provisions of the Worker's Compensation Act, N.J.S.A. 34:15-8. We disagree and affirm.
The facts are not in dispute. Plaintiff, Vincent J. Mule, was involved in an automobile accident with Mark Mattson. On the date of the accident, both Mule and Mattson were employed by Lockheed Martin at its facility in East Windsor. The accident occurred at approximately 8:15 p.m. in the employee parking lot owned and controlled by the employer. Mattson's workday began at 7:45 a.m. and ended at 4:30 p.m., while Mule arrived at work around noon expecting to work a twelve-hour shift. On the day of the accident, Lockheed Martin held a company picnic off its premises. Employees were permitted to leave work during their regular shift to attend the picnic. Mule left to attend the picnic at 3 p.m. and returned to work at 5 p.m. Mattson left work at 1 p.m. to attend the picnic with the understanding that he would be paid for the balance of his shift. He was not required to return to work.
When Mattson left the picnic, he decided to return to Lockheed Martin to shower and change his clothes at the company's gymnasium facilities. He then intended to join other company employees, who also had attended the picnic, at a local tavern. At about 8 p.m., Mule took a meal break and drove out of the company lot to a local convenience store. Around that same time, Mattson had finished his shower and went to his car. Mule returned from the store and decided to park his car closer to the guard station. As Mattson was driving his vehicle through the parking lot, he collided with Mule's car. Mattson's car was uninsured at the time of the accident. Mule did not file a formal workers' compensation claim. Mule indicated in a deposition that he called Lockheed Martin's workers' compensation carrier to report the accident and was told that it was not a compensable claim. His application for personal injury protection (PIP) benefits was approved and paid by defendant.
Defendant argues that Mule's UM claim is barred by the provisions of N.J.S.A. 34:15-8 because Mule's injuries are compensable under N.J.S.A. 34:15-1[1] and because the accident occurred in the employer's parking lot between co-employees. We disagree. N.J.S.A. 34:15-8 provides, in pertinent part:
If an injury ... is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
The status of being "in the same employ," to trigger the bar of § 8, refers to the alleged tortfeasor's role at the time and place of the accident, and not to the mere chance that although in the course of entirely personal conduct, he also happens to be an employee of the injured party's employer. Manole v. Carvellas, 229 N.J.Super. 138, 550 A. 2d 1278 (App.Div.1988).
*1132 The fact that a car accident occurs on the employer's property between two co-employees, and that injury to the employee who is in the course of his employment at the time is compensable under the Workers' Compensation Act, does not automatically mean that the injured employee's common law claim against the other is barred by § 8. The critical question is whether both employees were in the course of their employment at the time the accident occurred. If not, the fact that both motorists were Lockheed Martin employees is without legal significance. Id. at 143, 550 A.2d 1278.
There is no question that Mule was in the course of his employment and that the accident arose out of that employment, thereby qualifying him for benefits. See N.J.S.A. 34:15-1. He was returning from a meal break in the midst of his shift, which did not end until midnight. But the focus here must be on the other driver, Mattson, and it is equally clear that Mattson was not in the course of his employment when the accident occurred. His workday ended at 4:30 p.m. His decision to return to use the employer's shower facilities was unrelated to his employment duties and served his personal interests exclusively.
Defendant contends that under the provisions of N.J.S.A. 34:15-36, as interpreted by the Supreme Court in Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 543 A.2d 45 (1988), Mattson was within the scope of his employment because he was on the employer's property to utilize the employer's facilities. We infer, as defendant suggests, that access to the gymnasium shower was limited to employees of Lockheed Martin and its use considered a benefit incident to employment. In light of defendant's contention, we will expand upon our conclusion that Mattson was not "in the same employ" as Mule at the time of the accident. For that purpose, we deem it useful to consider whether, had Mattson been injured, the accident would have been one "arising out of and in the course of his employment," entitling him to workers' compensation benefits.
N.J.S.A. 34:15-36 provides, in pertinent part, that "[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment...." In Livingstone, Justice Stein, for the majority, framed the issue to be decided as follows:
The narrow question before us, and that which divided the Appellate Division, is whether an award of compensation benefits is precluded by virtue of the statutory bar on coverage for injuries occurring in `areas not under the control of the employer.' Put another way, in order to ascertain whether petitioner was injured after she had `arrive[d] at the employer's place of employment to report for work,' and thus, `in the course of employment,' we must decide whether the area of the mall lot where petitioner was directed to park can be considered as having been under the control of the appellant within the meaning of the statute. (Emphasis added.)
[Livingstone v. Abraham & Straus, Inc., supra, 111 N.J. at 103, 543 A.2d 45.]
Here, however, the accident occurred well beyond the end of Mattson's workday. His presence in the parking lot was not connected to any employment purpose nor did it serve, directly or indirectly, the interests of the employer. His decision to return to his place of employment at the end of his workday was motivated exclusively by personal reasons. Without a causal connection between the employment and the injury, defendant cannot establish that the work was a contributing cause of *1133 plaintiff's injury and that the risk of the occurrence was reasonably incident to defendant's employment. Coleman v. Cycle Transformer Corp., 105 N.J. 285, 290, 520 A.2d 1341 (1986).
"A risk is incidental to employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service." Id. at 289, 520 A.2d 1341. In determining whether there is a connection between the injury and the employment, the Coleman Court applied a "but for" or positional-risk test. Under this test, a court must ascertain "`whether it is more probably true than not that the injury would have occurred during the time and place of employment rather than elsewhere.'" Id. at 290-91, 520 A.2d 1341 (quoting Howard v. Harwood's Restaurant Co., 25 N.J. 72, 82, 135 A.2d 161 (1957)). "Unless it is more probable that the injury would not have occurred under the normal circumstances of everyday life outside of the employment, the necessary causal connection" does not exist. Id. at 291, 520 A.2d 1341.
The nature of the risk involved is also a component of the "but for" test. The Coleman Court described three categories of risks. The first category of risks is those risks distinctly associated with work, i.e., industrial accidents. The second category is neutral risks, where an employee is injured while at work, during the workday but in a manner unrelated to the actual work, i.e., employee is struck by lighting. Under this category, the employee receives compensation because "but for" the employment, he would not have been in a position to have been injured. The third category of risks involves those personal to the employee.
Risks falling within this classification do not bear a sufficient causative relationship to the employment to permit courts to say that they arise out of that employment. `[I]n these situations, the employment connection with the injury is minimal; it is the personal proclivities or contacts of the employee which gives rise to the harm, so that even though the injury takes place during the employment, compensation is denied.'
[Coleman v. Cycle Transformer Corp., supra, 105 N.J. at 292, 520 A.2d 1341 (citations omitted).]
Here, the mere fact that Mattson decided to return to the work-site for purely personal reasons, hours after the end of a workday, does not convert this auto accident into an employment related occurrence under the Workers' Compensation Act. As stated by the Law Division judge here:
Mattson was not there for the benefit of his employer. Mattson was there for his own personal benefit. The fact that the facilities were available, that the ... shower was there and ... he was an employee there, does not mean that he was there for the benefit of the employer or that his actions were for the benefit of the employer.
In other words, to trigger coverage under workers' compensation there must be a causal connection between the accident and the employment. Situs alone is not enough. This is consistent with the line of cases finding no employer liability where the employee's injuries were not related to employment. Jumpp v. City of Ventnor, 351 N.J.Super. 44, 796 A.2d 945 (App.Div.2002) (benefits denied to employee injured while picking up his personal mail at the post office.); Zahner v. Pathmark Stores, Inc., 321 N.J.Super. 471, 729 A.2d 478 (App.Div.1999) (benefits denied to supermarket employee injured at the end of work shift while food shopping for mother); Klein v. New York Times, Co., 317 N.J.Super. 41, 721 A.2d 29 (App.Div.1998) (benefits denied to newspaper employee *1134 injured by his intentional violent act reacting to supervisor's criticism); Sparrow v. La Cachet, Inc., 305 N.J.Super. 301, 702 A.2d 503 (App.Div.1997) (benefits denied to beautician employee injured at the end of work shift while getting a facial); Marky v. Dee Rose Furniture Co., 241 N.J.Super. 207, 574 A.2d 546 (App.Div.), certif. denied, 122 N.J. 359, 585 A.2d 368 (1990) (benefits denied to employee shot at her place of employment by former boyfriend). Had Mattson been injured, his remedy would have been at common law, and not under the Workers' Compensation Act.
We hold that § 8 of the Workers' Compensation Act does not preclude plaintiff from seeking UM benefits in connection with an accident occurring in his employer's parking lot with an uninsured co-employee because the co-employee's presence at the scene was unrelated to his employment.
Affirmed.
NOTES
[1] N.J.S.A. 34:15-1 provides, in pertinent part:

When personal injury is caused to an employee by accident arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer provided the employee was himself not willfully negligent at the time of receiving such injury .... (emphasis added.)