**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3825-16T2

VICTOR CAMPOS,

    Plaintiff-Appellant,

v.

MIGUEL CRUZ and CITY OF
PASSAIC,

    Defendants-Respondents.

_____

Submitted May 24, 2018 — Decided July 12, 2018

Before Judges Mayer and Mitterhoff.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Docket No. L-
3602-15.

Mallon & Tranger, attorneys for appellant
(Randall L. Tranger, of counsel; M. Anthony
Barsimanto, on the brief).

Law Offices of William E. Staehle, attorneys
for respondents (Stephen C. Cahir, on the
brief).

PER CURIAM

    Plaintiff Victor Campos appeals from the trial court's March

28, 2017, order of summary judgment dismissing his claims as barred

by the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 to -142 (the Act). We affirm.

This case arises from a December 23, 2013 car accident in which defendant Miguel Cruz (Cruz) ran a red light and struck plaintiff's vehicle. Both plaintiff and Cruz are employees of defendant of City of Passaic (City). Plaintiff works for the City's Department of Public Works (DPW), and defendant is a Passaic police officer. On the date of the accident, plaintiff was working at City Hall when he began to feel ill. He decided to go home early; however, in order to do so he first had to return to the DPW office to notify his employer that he was finished for the day and to complete paperwork for his supervisor to sign. The accident happened as plaintiff was en route from City Hall to the DPW office.

On January 15, 2014, plaintiff filed an "Employee's Claim Petition" seeking workers' compensation benefits from the City. On October 21, 2015, plaintiff filed suit against defendants Miguel Cruz and the City. On June 13, 2016, the parties to the workers' compensation action agreed to an "Order Approving Settlement with Dismissal" pursuant to N.J.S.A. 34:15-20 (Section 20).

The trial court dismissed plaintiff's complaint on summary judgment, finding plaintiff's claims were barred by Section 8 of the Act because he received workers' compensation benefits. In

addition, the judge found that plaintiff was acting in the scope of his employment with the City at the time of the accident. This appeal ensued.

On appeal, plaintiff asserts the trial judge erred in finding that at the time of the accident he was acting in the scope of his employment. Plaintiff asserts that he stopped working when he left City Hall. Plaintiff claims that he was returning to headquarters solely for a personal purpose, i.e., to fill out paperwork so he could go home. In addition, plaintiff asserts that the settlement of his claim pursuant to Section 20 does not bar a third-party claim against his employer, as it was not dispositive of the issue of compensability.[1]

In reviewing orders for summary judgment, an appellate court uses the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016); Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). We decide first whether there was any genuine issue of material fact. If there was not, we then decide whether the trial court's ruling on the law was correct. Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987). Because the issues on

---

[1] We will not address defendants' arguments concerning the injury threshold in N.J.S.A. 59:9-2(d). The trial court made no findings on the issue.

appeal are primarily legal in nature, our review of the trial court's legal rulings are de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010); see also Manalapan Realty LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

In New Jersey, it is well settled that workers' compensation laws provide an "expeditious and certain remedy for employees who sustain work injuries by the statutory imposition of absolute but limited and determinate liability upon the employer." Wilson v. Faull, 27 N.J. 105, 116 (1958) (citing Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947)). The statutory scheme represents a compromise whereby "[t]he employee surrenders his right to seek damages in an action at law in return for swift recovery independent of proof of fault." Ibid. Pursuant to N.J.S.A. 34:15-8:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

The statute grants absolute immunity to employers from common law negligence suits by employees. Cellucci v. Bronstein, 277

N.J. Super. 506, 518 (App. Div. 1994); <u>see also</u> <u>McDaniel v. Lee</u>, 419 N.J. Super. 482, 490 (App. Div. 2011) ("The statute's exclusivity bar also prohibits an injured employee's legal action to recover for injuries caused by a fellow employee.") (citing <u>Basil v. Wolf</u>, 193 N.J. 38, 53 (2007)).

In order to be compensable under the Act, thereby invoking the statutory bar, an employee must be acting in the scope of his or her employment at the time of the accident. N.J.S.A. 34:15-7. Whether plaintiff in this case was acting in the scope of his employment requires a determination of when plaintiff left work. N.J.S.A. 34:15-36 provides in pertinent part:

> Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer; provided, however, <u>when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer</u> . . . .

> [(Emphasis added).]

On the date of the accident, plaintiff had driven his car to the City Hall location where he was performing maintenance work. He left that location, not to go home, or to go to lunch, or to accomplish some personal errand. He left the City Hall location

to go to the DPW office, to submit paperwork in order to take a half-day off. Only after completing the paperwork required by his employer was he permitted to leave work to go home. His return to the DPW office was thus in the performance of duties "assigned or directed by the employer" at the time of the accident. See Ward v. Davidowitz, 191 N.J. Super. 518, 523-524 (App. Div. 1983) ("the determining element of compensability rests upon the direct performance of duties assigned or directed by the employer rather than on the place of employment."). That plaintiff was not physically at his workplace when the accident occurred is thus of no moment. Indeed, as a DPW worker, plaintiff could have been working in any part of the City when he was involved in the accident.

The cases cited by plaintiff are inapposite as involving situations in which the employee had clearly left work at the time of the accident. See, e.g., Mule v. New Jersey Mfrs. Ins. Co., 356 N.J. Super. 389, 397-98 (App. Div. 2003) (holding the employee was not acting in the scope of employment after he left for a picnic at 1 p.m. and was not expected to return but returned to place of employment around 8:15 p.m. in order to shower and change his clothes); Zahner v. Pathmark Stores Inc., 321 N.J. Super. 471, 480-81 (App. Div. 1999) (holding a cashier not acting in the scope of employment after she "punched out" for the day but remained in

A-3825-16T2

the store to do food shopping); Sparrow v. La Cachet, 305 N.J. Super. 301, 306-07 (App. Div. 1997) (holding a beautician who was told to go home was not acting in the scope of employment when she remained on the premises to have a facial for her own personal benefit).

In this case, we reject plaintiff's argument that he was returning to headquarters for a purely personal reason. The City had a policy requiring him to fill out paperwork prior to going home for the day. Plaintiff was complying with that policy as directed by his employer. The trial court was therefore correct in finding that plaintiff's work day did not end until he completed the employer-required paperwork permitting him to take a half-day off. Based on that finding, there was no error in the court's determination that plaintiff was acting in the scope of his employment at the time of the accident, and summary judgment was appropriately granted.

Although the scope of employment determination is dispositive of plaintiff's appeal, we will briefly address plaintiff's alternative argument that a Section 20 settlement does not bar his damages claim against his employer and co-employee.

N.J.S.A. 34:15-20 expressly provides that a Section 20 settlement "shall have the force and effect of a dismissal of the claim petition." Sperling v. Bd. of Review, 301 N.J. Super. 1, 5

7                                            A-3825-16T2

(App. Div. 1997). "Receipt of a lump sum settlement under N.J.S.A. 34:15-20 constitutes an implied acknowledgment that the claimant's disability was work-related and compensable under the Workers' Compensation Act." Ibid. In Hawksby v. DePietro, 165 N.J. 58 (2000), the Supreme Court held that a Section 20 settlement barred a subsequent medical malpractice claim against a co-employee doctor. In so holding, the Court reasoned:

> A contrary holding would result "in burdening the employer indirectly with common-law damages superimposed upon [its] workmen's compensation liability by reason of either a legal, moral or practical obligation to indemnify the sued [doctor], director, officer or supervisory employee, or with the expense of carrying insurance to cover the personal liability of such . . . personnel."
>
> [Hawksby, 165 N.J. at 66-67 (alteration in original) (quoting Miller v. Muscarelle, 67 N.J. Super. 305, 321 (App. Div. 1961)).]

This case presents an even clearer example of the type of double recovery prohibited by the Court in Hawksby. Having recovered a workers' compensation award for his injuries, plaintiff now seeks to pursue a negligence claim for damages involving the same accident and resultant injuries. Because plaintiff's present claims are prohibited by both statute and common law, the trial court did not err in finding that plaintiff's receipt of workers' compensation benefits bars any further recovery at law. Summary judgment was appropriately granted on that basis.

8

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION