**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3996-16T2

GEORGE WASHINGTON and
LINDA GARY-WASHINGTON,

    Plaintiffs-Appellants,

v.

RUNNELLS OPERATING, LLC,

    Defendant-Respondent,

and

CENTER MANAGEMENT GROUP, LLC,

    Defendant.

_____

Argued May 15, 2018 — Decided July 25, 2018

Before Judges Hoffman and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-0070-16.

Vincent Jesuele argued the cause for appellants (Kessler, Digiovanni & Jesuele, LLP, attorneys; Vincent Jesuele, on the brief).

Judith A. Wahrenberger argued the cause for respondent (Ruprecht Hart Weeks & Ricciardulli, LLP, attorneys; Judith A.

Wahrenberger, of counsel; Lisa B. Ramirez, on the brief).

PER CURIAM

Plaintiffs George Washington and Linda Gary-Washington[1] appeal from an April 28, 2017 Law Division order dismissing their personal injury lawsuit with prejudice, based upon the exclusivity bar of the Workers' Compensation Act, N.J.S.A. 34:15-1 to -146 (the Act). For the reasons that follow, we affirm the grant of summary judgment to defendant but remand for the entry of an amended order to provide for the dismissal of plaintiffs' claims without prejudice, subject to reinstatement in the event the Division of Workers' Compensation (Division) determines plaintiff's claims are not compensable under the Act.

On March 5, 2015, plaintiff, an employee of Runnells Center for Rehabilitation and Healthcare,[2] left work and drove his car to pick up lunch at a nearby restaurant. On his return to work, plaintiff's car struck a guardrail on a snow-covered access

---

[1]  In this opinion, we refer to George Washington individually as plaintiff, and George Washington and Linda Gary-Washington collectively as plaintiffs. Linda Gary-Washington sues per quod.

[2]  Runnells Center for Rehabilitation and Healthcare represents a trade name utilized by defendant Runnells Operating, LLC. In this opinion, we refer to Runnells Operating, LLC as defendant since plaintiffs apparently abandoned their claims against the other named defendant, Center Management Group, LLC.

A-3996-16T2

driveway owned by defendant. While completing an accident report at the scene, plaintiff exited his vehicle, slipped and fell, sustaining a fractured ankle.

In April 2016, plaintiffs filed suit against defendant seeking compensatory damages. Plaintiffs' Law Division complaint alleged that defendant owned, controlled, and negligently maintained "the driveway" where plaintiff's accident occurred, causing plaintiff to slip and fall, and sustain "severe and permanent injuries." In its answer, defendant failed to plead the exclusivity bar of the Act as an affirmative defense. In February 2017, after plaintiff's deposition, defendant moved to amend its answer to assert the exclusivity bar as a separate defense and for summary judgment.[3]

Following oral argument, the judge initially denied defendant's motions without prejudice. The judge requested additional information relating to the federal tax identification numbers for defendant and Runnells Center for Rehabilitation and Healthcare (the entity plaintiff named as his employer in a workers' compensation petition he filed on February 28, 2017).

---

[3] Just before filing the motion, defendant's counsel contacted plaintiffs' counsel to alert him of the proposed amendment to defendant's answer, since the statute of limitations on plaintiff's workers' compensation claim would run in less than a month. On February 28, 2017, plaintiff filed a claim petition with the Division.

Because both entities had the same federal tax identification number, the judge vacated his initial order and granted defendant's motion for leave to amend its answer to assert the exclusivity bar as a defense; in addition, the judge granted defendant's motion for summary judgment, finding plaintiffs' claims barred by the Act.[4]

I

We first address plaintiffs' argument that the motion court "erred in granting leave to defendant to amend its answer." Trial courts should permit parties to amend their pleadings "freely . . . in the interest of justice." R. 4:9-1. A trial court's decision to grant or deny a motion to amend under Rule 4:9-1 is "best left to the sound discretion of the trial court in light of the factual situation existing at the time each motion is made." Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994) (citing R. 4:9-1; Du-Wel Prods., Inc. v. U.S. Fire Ins. Co., 236 N.J. Super. 349, 364 (App. Div. 1989)).

"It is [well settled] that an exercise of that discretion will be sustained where the trial court refuses to permit new

---

[4] At oral argument, counsel advised that the Division has stayed plaintiff's workers' compensation claim, pending the outcome of this appeal. Counsel further advised that defendant's answer to the workers' compensation petition included a separate defense asserting that plaintiff's accident did not occur in the course of his employment.

claims . . . to be added late in the litigation and at a point at which the rights of other parties to a modicum of expedition will be prejudicially affected." Du-Wel Prods., 236 N.J. Super. at 364. Because defendant's attorney alerted plaintiffs' attorney of the proposed amendment in time for plaintiff to file a workers' compensation claim, plaintiffs' rights were not prejudicially affected by the late amendment. The motion court here reasonably exercised its discretion in granting defendant leave to amend its answer to assert the workers' compensation exclusivity bar as a defense.

II

We next address plaintiffs' argument the motion court erred in granting defendant's motion for summary judgment. We review a trial court's decision granting summary judgment de novo, employing the same standard used by the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). We first determine whether there are material facts in dispute and, if not, whether the undisputed facts, viewed most favorably to the non-moving party, entitle the moving party to judgment as a matter of law. Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445-46 (2007) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

Having reviewed the record de novo, we conclude the record shows no material facts in dispute, making the case ripe for summary judgment. See Brill, 142 N.J. at 540. We further conclude the trial judge reached the correct decision as a matter of law.

Entitlement to workers' compensation benefits is subject to the "premises rule" set forth in N.J.S.A. 34:15-36. Kristiansen v. Morgan, 153 N.J. 298, 316 (1998). The Act provides, "Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer . . . ." N.J.S.A. 34:15-36.

> The premises rule is based on the notion that an injury to an employee that happens going to or coming from work arises out of and in the course of employment if the injury takes place on the employer's premises. The premises rule "limits recovery to injuries which occur on the employer's premises . . . by confining the term 'course of employment' to the physical limits of the employer's premises." Thus, unless one of the statutory exceptions not implicated here is triggered, an employee who is not physically on the employer's premises is not technically in the course of the employment.
>
> The Legislature used the phrase "excluding areas not under the control of the employer" in its definition of employment because it intended to include areas controlled by the employer within the definition. That phrase was intended to make clear that the premises

A-3996-16T2

rule can entail more than the four walls of an office or plant. The pivotal questions under the premises rule are (1) where was the situs of the accident, and (2) did the employer have control of the property on which the accident occurred.

[Kristiansen, 153 N.J. at 316-17 (citations omitted) (alteration in original).]

In Kristiansen, a New Jersey Department of Transportation (NJDOT) employee, whose job involved raising and lowering a drawbridge on the Victory Bridge, sustained fatal injuries when a vehicle struck him as he walked north on the bridge to get to his car after work. Id. at 303-04. The employee worked in one of three structures located at the center of the bridge, and he parked his car in one of several parking lots, all reachable only by walking north on the bridge. Ibid. The Court held that, because NJDOT owned the bridge, it constituted part of the employer's premises:

> Regardless of which lot was used, the employees of NJDOT had to walk north on the bridge, and the accident occurred on the bridge. This case is no different than the case of an employee who punches out on the time clock at the front entrance and is injured while walking through the plant to reach his or her car parked in a rear parking lot. Hence, we affirm the Appellate Division's holding that compensability was established as a matter of law.
>
> [Id. at 317.]

7

In addition to occurring on the employer's premises during work hours, the injury must "arise out of" the employment. N.J.S.A. 34:15-1; Zahner v. Pathmark Stores, Inc., 321 N.J. Super. 471, 478 (App. Div. 1999). In Zahner, we noted that "injuries occurring on the employer's premises during a regular lunch hour arise 'in the course of employment.'" Id. at 479 (quoting Chen v. Federated Dep't Stores Inc., 199 N.J. Super. 336, 338 (App. Div. 1985)). Because the Act constitutes humanitarian social legislation, we construe it liberally in favor of coverage, for the protection of employees. Valdez v. Tri-State Furniture, 374 N.J. Super. 223, 232 (App. Div. 2005).

Following our review of the summary judgment record, we agree with the motion judge's legal conclusion that the exclusivity bar of the Act applies, requiring the dismissal of plaintiffs' claims. Defendant owned and controlled the driveway where plaintiff's accident occurred. Thus, it was part of the employer's premises. The accident also occurred during plaintiff's regular lunch hour.

When a plaintiff asserts both a workers' compensation claim and a general negligence claim, the court may stay the latter proceeding and transfer the matter to the Division. Acikgoz v. N.J. Tpk. Auth., 398 N.J. Super. 79, 82-83 (App. Div. 2008). In Acikgoz, two vehicles collided on an access road owned by the New Jersey Turnpike Authority (the Turnpike). Id. at 82. Both drivers

A-3996-16T2

(Acikgoz and Lowden) worked for the Turnpike; at the time of the accident, Acikgoz had completed his shift and was going home in his car. Ibid. Acikgoz sustained injuries in the accident and filed a Law Division negligence complaint against Lowden. Ibid. In addition, Acikgoz filed a claim petition against the Turnpike with the Division. Ibid. The Turnpike intervened in the negligence action and moved to stay and transfer the litigation to the Division. Ibid. The Law Division granted the transfer in order to determine if the motor vehicle accident was compensable. Id. at 82-83.

A compensation judge ultimately "determined that neither [Acikgoz] nor Lowden were in the course of their employment at the time of the accident, that therefore N.J.S.A. 34:15-8 did not apply, and that [Acikgoz's] accident was not compensable." Id. at 83. The compensation judge found that Lowden merely drove to work to pick up his pay check, which does not qualify as acting in the "course of his employment." Ibid. In addition, the access road where the accident occurred was open to the public and one of several means of ingress and egress into the workplace. Id. at 89. The compensation judge reasoned that Lowden used the access road for "convenience" rather than for the benefit of his employer. Id. at 87. Finally, although the Turnpike "controlled" the overpass, the compensation judge reasoned that because the

Turnpike owned the entire turnpike system, it could not conclude that the accident occurred in the course of employment solely because Turnpike employees were involved. Id. at 90. Therefore, the Act did not bar Acikgoz's Law Division complaint asserting general claims of negligence. Id. at 91.

Like Acikgoz, plaintiffs asserted both a Law Division claim and a workers' compensation claim. Following Acikgoz, we vacate the order dismissing plaintiffs' complaint with prejudice and remand for the Law Division to enter an order of dismissal without prejudice pending the outcome of plaintiff's workers' compensation claim. Barring an unforeseen development, we expect the Division will rule plaintiff's accident occurred in the course of his employment, making him eligible to receive workers' compensation benefits. Unlike Acikgoz, the access driveway here provides ingress and egress for defendant's facility and does not serve as a roadway for the public. In addition, unlike Lowden, plaintiff sustained his injury on his lunch break, while returning to work on his employer's driveway to complete his workday.

In any event, the application of the exclusivity bar in N.J.S.A. 34:15-8 depends upon whether the claims are, in fact, compensable for workers' compensation purposes. Even where a party can file an action with both an administrative agency and the Law Division, where the issues require an adjudication of an

issue typically determined by the administrative agency, the agency has "primary jurisdiction" to which the Law Division should defer. Kristiansen, 153 N.J. at 314 (citations omitted).

Therefore, the trial court should not have dismissed plaintiffs' claims with prejudice. Rather, the court should have dismissed plaintiffs' complaint without prejudice since there has been no determination of compensability by the Division. We therefore remand to the trial court for entry of an amended order dismissing plaintiffs' claims without prejudice, subject to their reinstatement in the event the Division determines plaintiff's claims are not compensable under the Act.

Affirmed in part, vacated and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3996-16T2